CREWS v. BREWER.

The doctrine of the preceding case reaffirmed. Declared further, and in explanation, that a mere report of the evidence is not such a special finding or authorized statement of the case as will allow this court to pass upon the judgment given.

ERROR to the Circuit Court for the Northern District of Illinois.

*Mr. Albert Pike, for the plaintiff in error; Mr. Gustavus Koerner, contra.*

Mr. Justice CLIFFORD stated the case and delivered the opinion of the court.

Complaint was made by the plaintiff that the defendant,

at the time and place mentioned in the declaration, broke and entered the plaintiff's close therein described and ejected him from the premises, and that the defendant still unlawfully withholds the possession of the same from the plaintiff; and the plaintiff avers that he claims title to the land in fee, and that the same is worth $5000. Service was made and the defendant appeared and pleaded that he was not guilty of unlawfully withholding the premises claimed by the plaintiff in the manner and form as alleged in the declaration. Issue was joined by the plaintiff, but the parties subsequently appeared and waived a jury and submitted the issue to the court. Evidence was introduced on both sides, and the record states that " the court being sufficiently advised finds the issue for the defendant, that he is not guilty of unlawfully withholding from the plaintiff the possession of the premises," as alleged in the declaration. A motion for new trial was filed by the plaintiff, which was overruled by the court, and the court entered judgment for the defendant and that he recover the costs of suit. Leave was granted to the plaintiff to file a bill of exceptions within sixty days, and within that period he filed the paper exhibited in the transcript, which is denominated the bill of exceptions. Evidence, consisting of a certain patent and certain original deeds, and of certain depositions and a certain record and other documents, was introduced by the plaintiff. Countervailing evidence was then introduced by the defendant, consisting of oral testimony and a copy of a deed, all of which, together with that introduced by the plaintiff, is set forth at large in the instrument called the bill of exceptions. All of the evidence was introduced without objection, and of course was properly admitted. Instructions were asked by the plaintiff at the close of the trial, which the court refused to adopt, and stated what the conclusions of court were as matter of law, in view of the whole evidence reported in the bill of exceptions. To each and all of which propositions of law the plaintiff then and there excepted and his exceptions were duly allowed. Dissatisfied with the judgment the plaintiff sued out a writ of error and removed the cause into

this court.   Error is assigned in this court controverting each and every one of the propositions of law decided by the Circuit Court.

Suffice it to say, that the finding of the Circuit is general, and that there is no authorized statement of facts in the record.   Under such circumstances our decision is that no review of the questions of law can be had in this court, except such as arise from the rulings of the court made in the progress of the trial, as it would impose upon this court the duty of hearing the whole case, law and fact, as on an appeal in chancery or in an admiralty suit, which would operate as a repeal of the provision in the act of Congress, that issues of fact in such cases may be tried and determined by the Circuit Court; and would also violate that clause of the twenty-second section of the Judiciary Act which prohibits this court from reversing any judgment " for any error of fact."*   Questions of fact will not be reviewed by this court in common-law actions, nor can the questions of law presented in such cases be re-examined here unless the matters of fact out of which they arise are, in some authorized form, given in the record; to which it may be added, as applicable to cases tried by the court, that a mere report of the evidence is not sufficient, as it belongs to the Circuit Court to find the facts, and in order to do that the Circuit Court must weigh the evidence and draw the inferences of fact from the whole evidence given in the case.†

JUDGMENT AFFIRMED.

---

* 1 Stat. at Large, 85; Insurance Co. _v._ Folsom, 18 Wallace, 237 ; Dirst _v._ Morris, 14 Id. 490; Basset _v._ United States, 9 Id. 40; Miller _v._ Insurance Co., 12 Id. 297.

† Tancred _v._ Christy, 12 Meeson & Welsby, 323.