## BOOTH and others, *v.* TIERNAN.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF ILLINOIS.

Submitted November 1st, 1883.—Decided November 12th, 1883.

*Deed—Error—Evidence—Illinois—Limitations—Practice—Statutes.*

1. The cause was submitted to the court below without the intervention of a
   jury. No error in law can be predicated of a finding of fact by the
   court.
2. It being proved that a deed had been lost, and not intentionally destroyed
   or disposed of for the purpose of introducing a copy, it is competent
   under the statute of Illinois to use in evidence a certified copy of the
   deed from the proper recorder's office in the place of the original,
   although it was admitted that there was an error in the copy.
3. It is competent to prove the error in such case by evidence of witnesses
   who had read the original deed ; or by a copy of the registry of the
   original deed as entered in the file book.

*Mr. B. C. Cook* and *Mr. Charles W. Needham* for the
plaintiffs in error :

*Mr. William Burry* for the defendant in error.

The facts appear in the opinion of the court.

·MR. JUSTICE MATTHEWS delivered the opinion of the court.

This was an action of ejectment brought by the defendant in error against the plaintiffs in error to recover the title and possession of a tract of land in Grundy County, Illinois, described as the northeast quarter of section twenty-nine (29), in township thirty-two (32) north of the base line, and in range eight (8) east of the third principal meridian.

By stipulation the intervention of a jury was waived by the parties, and the cause was submitted upon the evidence to the circuit court.

One of the defences relied on was the statute of limitations of Illinois, being sec. 4, chap. 83, of the Revised Statutes of that State, providing that possession for seven years, by actual residence thereon by any person having a connected title in law or equity, deducible of record from the State or the United States, &c., should be a bar to an action brought for the recovery of lands, &c.

Evidence was introduced on the part of the defendant below, the ancestor of the plaintiffs in error, tending to prove, as was claimed, that he had possessed the premises in controversy, by actual residence, for seven years next preceding the commencement of the action; but the finding of the court was that he had not been possessed, by actual residence thereon, of the land in controversy for that period.

This finding, although excepted to and alleged as error, is a conclusion of fact which we cannot review. No exceptions appear on the record to the rulings of the court upon any questions relating to the evidence upon this point, and it cannot be claimed that the evidence, as stated in the bill of exceptions, was not legally sufficient to justify the conclusion reached by the court. No error in law can, therefore, be predicated of this conclusion of fact.

On the trial it was admitted that Ibzan Lacey, the common source of title, derived title to the premises in controversy from the United States in 1839, and a power of attorney from Lacey and wife dated April 20th, 1839, to Joel Wicks, authorizing him to sell and convey the premises, was proved. It was further admitted that an original deed from Lacey and wife by Wicks, their attorney in fact, to Alva Newman, dated May 6th, 1840,

had been lost, and it was proved that it was not in the power of the plaintiff to produce it, and that it had not been intentionally destroyed or disposed of for the purpose of introducing a copy thereof in place of the original.

The plaintiff below then offered in evidence a certified copy from the proper recorder's office of the record of said original deed, which, however, described the land conveyed as the *southeast* quarter of section 29, &c., instead the *northeast* quarter of that section; but counsel for the plaintiff stated in connection with the offer that there would be offered other evidence tending to show that there was a clerical error in the description of the land as entered upon the record and contained in the copy, and that it should be the *northeast* instead of the *southeast* quarter of the section.

To the introduction of this certified copy objection was made, because it did not describe the land in controversy, and because no evidence was admissible to prove and correct any alleged mistake.

The ground of this objection is stated to be that the statute of Illinois (Laws 1861, p. 174, § 1) in force at the time, authorizing the record of a deed or a certified transcript from the record, to be used as evidence on a trial in place of a lost original, provided that it might be read in evidence " with like effect as though the original of such a deed, conveyance, or other writing was produced and read in evidence," and that as in this case, if the original had been produced, no evidence would be admitted to prove and correct the alleged mistake in the description of the premises conveyed, none can be admitted to prove and correct such a mistake in the record or transcript.

The court overruled the objection and admitted the certified copy of the deed in evidence, reserving the question upon the subsequent evidence to be offered, for the purpose of proving and correcting the alleged mistake. Such evidence was, in the further progress of the trial, admitted, on which, as a conclusion of fact, the court found that the land actually described in the lost deed was that in controversy; and thereon judgment was given for the plaintiff below. Exceptions were taken to the rulings of the court admitting the evidence subsequently offered

as to the mistake in the description, upon the ground of its competency, which will be hereafter considered. The general question raised by the exception to the introduction of the certified copy from the record, is whether evidence of any description is admissible for such a purpose.

The ruling of the circuit court on this point was correct. The language of the statute was intended merely to declare that the record of a deed, or a transcript from the record, though a copy only, and therefore in its nature merely secondary evidence, should nevertheless have the same effect, when competent as evidence at all, as the original itself, if it had been produced, upon the determination of the issues to be tried. It was not intended to declare that the record or a copy from it should, in law, be an original instrument for all purposes. The presumption is, that, as public officers generally perform their prescribed duties accurately, the record, and all certified transcripts from it, will be true copies of the original; but they are none the less copies on that account, and are made evidence only in lieu of the original, and on the grounds on which secondary evidence is permitted to be given. And there is nothing in the statute, either expressed or implied, which forbids the party from showing, by extrinsic proof, otherwise legitimate, what the contents of the lost original really were, where it is shown that the record itself, or a copy from it, is not a true copy. By the very terms of the statute, the record of a deed is not original evidence, for it can be used only on proof of the loss of the original deed, or that the latter cannot be produced by the party offering the proof; and the object of the statute evidently was to require recording, in the first place, as notice to subsequent purchasers, and in the second, to supply a convenient statutory mode and instrument of secondary evidence. Its whole effect can be accomplished, without in any manner displacing or superseding the common-law principles which authorized other modes of proving the contents of lost deeds and other instruments. It is in this light that the statute has been viewed and treated by the Supreme Court of Illinois. *Bowman* v. *Wettig*, 39 Ill. 416. In *Nattinger* v. *Ware*, 41 Ill. 245, it was decided that a deed, properly executed, and

acknowledged, but recorded with a misdescription of the premises, would protect the grantee against subsequent purchasers and encumbrancers. But how could this be, unless the party were at liberty to prove the mistake in the record, either by the production of the original, or, in case of its loss, by other competent secondary evidence? This is what happened in *Nixon* v. *Cobleigh*, 52 Ill. 387. There the plaintiff in ejectment, to prove his title, relied on a deed, signed, as he claimed, "Samuel H. Turrill." The original not being in his power to produce, he offered a certified copy from the record. It purported, however, to be signed by "James H. Turrill." Against the objection of the defendant, he was allowed to prove by parol evidence that the original was signed "by the name of Samuel H. Turrill." The court said: "This renders it morally certain that the recorder made a mistake in transcribing the original upon his records."

The same construction was given to a statute of Alabama, the meaning of which cannot be distinguished from the statute of Illinois, by the Supreme Court of that State in *Harvey* v. *Thorpe*, 28 Ala. 250, where the very point was ruled, that parol evidence was admissible to show that a deed was not correctly recorded. And the same principle was adjudged in Wisconsin, in *Sexsmith* v. *Jones*, 13 Wis. 565, and in New Hampshire, in *Wells* v. *Iron Co.*, 48 N. H. 491, 534.

The next question relates to the competency of the evidence admitted by the court to prove the mistake in the record of the deed, and the correct description of the property as contained in the original.

This was, in substance, as follows: First, the testimony of certain persons tending to prove that they had seen the original deed, and that it described the land conveyed as identical with that in controversy; second, a certified copy from an entry or file-book kept by the recorder of La Salle county, in which the land was situate at the time the conveyance was made by the attorney of Lacey to Newman, of a memorandum made by the recorder, showing the date of the receipt of the deed for record, the names of the grantor and grantee, the hour of its receipt, the nature of the conveyance, the date of its

execution, and the location of the land conveyed, under which head the premises are described as the " N. E. ¼ S. 29, T. 32´N., R. 8 E. 3d P. M. ; " third, a transcript from the land office at Springfield, Illinois, in which office was contained the records of the entry of the land in controversy, showing Jeddiah Wooley entered the N. E. ¼ 29, 32, 8, on August 8th, 1835, and that he did not enter the S. E. ¼ of said section ; also a receipt from the land office at Chicago, Illinois, in which office the land in controversy was sold, dated August 8, 1835, for $200 from Jeddiah Wooley, jr., in full payment of the N. E. ¼ sec. 29, town. 32 N., R. 8 east of third principal meridian, being the land in controversy, upon which receipt was a memorandum indorsed in the handwriting of Joel Wicks, who was dead at the time of the trial, as follows : "Sold this to Alva Newman, May 6th, 1840." But it is recited in the bill of exceptions that the court did not decide that the last mentioned memorandum and a memorandum on the copy of the deed of May 6th, 1840, from Lacey to Newman, that "this land was entered by Jeddiah Wooley, August 8th, 1835," were either of them competent evidence.

The evidence offered and objected to was, we think, competent. The testimony of witnesses who had read the original deed, as to their recollection of its contents, was direct evidence of the fact ; and the copy of the registry of the deed, as entered in the file-book, was a copy of an official entry, made in a book of public records required to be kept by the recorder, and which constitutes the first step in the process of recording. The statute requires that every recorder shall keep " an entry book, in which he shall, immediately on the receipt of any instrument to be recorded, enter, in the order of its reception, the names of the parties thereto, its date, the day of the month, hour, and year of filing the same, and a brief description of the premises, indorsing upon such instrument a number corresponding with the number of such entry." Rev. Stat. Ill. 1845, p. 432, § 7 ; L. 1847, p. 69, § 1 ; L. 1869, p. 2, § 7.

All these items of evidence tended to prove the alleged mistake and what was the correct description of the premises conveyed in the lost original deed, and were entitled to be con-

sidered, in connection with the certified copy of the record of the deed itself, as secondary evidence of its contents. In admitting and considering them the circuit court committed no error; what effect should be given to them, singly or together, was for that court, to whom the cause had been submitted, alone to determine.

We find no error in the record, and the judgment is

*Affirmed.*