# McIntyre v. White.

## *Action of Ejectment.*

1. *Judge of probate; duty in keeping records of conveyances.*—It
   is the duty of judges of probate to record in a fair hand word
   for word conveyances of property with the acknowledgments,
   proof, etc. Code, § 986. The purpose and scope of this duty
   cover the further duty on the part of the recording officer to
   see that the original is transcribed in the record with exact
   correctness; and to this end to compare, if necessary, the
   record when complete with the original. The duty is the same
   when the record book is printed.

2. *Record of conveyances; presumed to be correct.*—The record of
   conveyances which a probate judge is required to make is,
   when made, presumed to be correct; but the presumption is
   only *prima facie,* and subject to be overcome by proof show-
   ing error. The presumption is not destroyed by the failure of
   the judge to compare the instrument with the record after it
   is made.

3. *Acknowledgment of conveyance; not impeachable.*—The recitals
   of an acknowledgment of a conveyance when the same has
   been signed by the grantors in the presence of an officer au-
   thorized to take acknowledgments, cannot be impeached by
   parol except for fraud or duress, but the certificate of the
   acknowledgment of the officer is conclusive as to the facts
   therein stated.

4. *Evidence; irrelevant, when admissible.*—It is never erroneous to
   receive irrelevant evidence to rebut evidence of like kind of-
   fered by the opposite party. He cannot complain at the intro-
   duction of such evidence. Hence, where one party has offered
   evidence to show that the acknowledgment of a married wo-
   man was taken separate and apart from her husband, the other
   party may show in rebuttal that it was not so taken.

5. *Same; what is hearsay.*—Where the inquiry is whether or not a
   certificate of acknowledgment on a deed was similar to such a

12

certificate contained in a book of forms, it is error to permit a witness to say that she "heared her son reading the mortgage out of the book and heared her daughter-in-law say the mortgage don't read like it is in the book"—the same being hearsay.

APPEAL from Lauderdale Circuit Court.

Tried before Hon. THOS. R. ROULHAC.

Miles White mortgaged his homestead to C. Smith. His wife signed the mortgage, and her separate acknowledgment was taken. White died. The mortgage was foreclosed and John W. McIntyre became the purchaser at the foreclosure sale, and received a deed to the property. Martha E. White, the widow of Miles White, brought this suit to recover the possession of the property. She claimed that her separate acknowledgement was defective in that it did not state that she signed the mortgage "without fear, constraint or threats" of her husband, but that the word "persuasion" was used instead of the word "threat." The mortgage was lost. The record of it in the probate office disclosed that the word persuasion was used in the separate acknowledgment. But there was evidence tending to show that this was a mistake of the recording officer, and that in the original mortgage the word "threats" was used in the acknowledgment. This evidence was controverted. There was also evidence that the officer who took the acknowledgment of the wife, did not take it separate and apart from her husband. This was denied by the officer. The fact testified to on which reversal is had is stated in the opinion.

SIMPSON & JONES, for appellant.— (1). Record of lost deed only *prima facie* evidence of contents of the deed. *Gaston v. Merriam*, 22 N. W. Rep. 614; *Booth v. Tierman*, 109 U. S. 205; *Harvey & Wife v. Thrope*, 28 Ala 250. (2). Recitals of officer in his certificate of ac knowledgment cannot be impeacher.—*Am. Freehold Mort. Co. v. James*, 105 Ala. 347.

JOHN T. ASHCRAFT, *contra*.

HARALSON, J.—1. Section 986 of the Code requires the judges of probate to record "in a fair hand word for word," conveyances of property with the acknowledgments, proof, etc.; and these conveyances as provided in another section, when acknowledged or proved according to law and recorded within twelve months from their date, may be received in evidence without further proof; and if the original has been lost or destroyed the court may receive a transcript in place of the original.—§ 992. In *Harvey v. Thorpe,* 28 Ala. 250, it was held that a transcript from the record of a lost deed, is only *prima facie* evidence of the contents of the deed, on the ground that all public officers must be presumed to have discharged the duties which the law requires of them; but that parol evidence is admissible to show that it was not correctly recorded.—*Boothe v. Tierman,* 109 U. S. 205. The duty of the recording officer as prescribed by statute is to record conveyances "in a fair hand word for word." It is thus made his duty to see that the original is transcribed in the record, with exact correctness. The statute seems to pre-suppose, that the officer will transcribe the conveyance in his own handwriting, and exercise all the particularity which is necessary to prevent error. If necessary to compare the record when complete with the original to insure correctness, he should make the comparison. When a record book is printed to subserve conveniences in transcribing, it is no less his duty to compare the printed original with what is intended to be the printed record, than when transcribing in ink with his own hand. It is because the law presumes he will discharge this duty, the presumption of the correctness of the record is indulged. There is no reason for presuming correctness in the one and not in the other instance. If the officer had transcribed the original in his own hand on the record, but failed to compare the record when complete, with the original in order to insure correctness, this fact would not do away with the presumption of correctness indulged in the law; nor as in this case, will this presumption be set aside, if he should fail to compare the conveyance with the printed record after he had completed it. But, in either case, because of the known fact that the necessary precautions are not al-

[McIntyre v. White.]

ways taken by transcribing officers of records to prevent errors, this presumption is only *prima facie*, and subject to be overcome by proof showing error. There was no error in refusing to give the charge requested by defendant.

2. It is with us well settled, that the recitals of an acknowledgment of a conveyance when the same has been signed by the grantors in the presence of an officer authorized to take acknowledgments, cannot be impeached by parol except for fraud or duress, but the certificates of acknowledgment of the officer are conclusive as to the facts therein stated.—*A. F. L. M. Co. v. James*, 105 Ala. 347. In this case, there was no pretense of fraud or duress in procuring the signature of the wife, and there was no conflict in the evidence showing that the wife was in the presence of the officer when she acknowledged the mortgage. The wife and the acknowledging officer so stated. The acknowledging officer, Cypert, examined by defendant, stated that the wife acknowledged the mortgage separate and apart from her husband. Whether she did so or not, was not an issuable fact in the case. When Lee White, a witness for plaintiff, was examined, he was asked by plaintiff, "Was or not the acknowledgment of plaintiff to the mortgage taken separate and apart from her husband, Miles White?" The defendant objected on pertinent grounds. The court stated that he would allow the witness to answer, for the purpose of contradicting the statement of the witness, Cypert, to the effect that the acknowledgment was taken separate and apart from the husband, and overruled the objection. The evidence was clearly irrelevant, but was directly in rebuttal to that testified to by defendant's witness, which was also irrelevant. It is never erroneous to receive irrelevant evidence to rebut evidence of like kind, offered by the opposite party. He cannot complain at the introduction of such evidence.—*M. & B. R. Co. v. Ladd*, 92 Ala. 289; *Winslow v. The State*, Ib. 81; *Morgan v. The State*, 88 Ala. 223; *Gandy v. The State*, 86 Ala. 21; *Ford v. The State*, 71 Ala. 387.

3. In order to show that the word persuasion, instead of the word threats, was used in the original acknowledgement of the mortgage, and that there was no mistake

in its record, Lee White, a witness for plaintiff, stated that he had a form book, which he had borrowed from the justice of the peace, Cypert, and he compared the acknowledgment to the original mortgage with the one in the form book, and it was not like that in the book; that the mortgage used the word persuasion, and the book the word threats. For the same purpose the plaintiff was introduced and testified, that she could not read nor write, but she heard her son, Lee White, reading the mortgage out of the book, and she heard her daughter-in-law say, "The mortgage don't read like it is in the book." To this last statement, defendant objected on the ground, that it was mere hearsay testimony, but the court overruled the objection, and permitted the evidence to go to the jury. In this there was manifest error. The evidence should have been excluded for the objection interposed to its admission; and for this error, the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.