STREETER et al. v. SANITARY DIST. OF CHICAGO.

(Circuit Court of Appeals, Seventh Circuit.   October 4, 1904.)

No. 1,067.

1. APPEAL—REVIEW—TRIAL TO COURT.

Where a jury trial is waived by stipulation in a Circuit Court in an action at law, and the cause is tried to the court, as provided in Rev. St. §§ 649, 700 [U. S. Comp. St. 1901, pp. 525, 570], and a general finding made, a review by an appellate court is limited to the rulings made during the progress of the trial which are presented by a bill of exceptions.

2. SAME—BILL OF EXCEPTIONS—FINDINGS.

When in such case the judgment was rendered on a general finding, there is no authority for inserting special findings in the bill of exceptions signed at a succeeding term of court.

3. FEDERAL COURTS—TRIAL TO COURT—PRACTICE.

On the trial of a cause in a Circuit Court without a jury, as provided in Rev. St. §§ 649, 700 [U. S. Comp. St. 1901, pp. 525, 570], the procedure is governed by the provisions of such statute; and the court may, at its option, make either general or special findings.   It cannot be required to rule on specific propositions of law presented by the parties in accordance with a state practice.

4. SAME—REVIEW IN APPELLATE COURT.

In a cause tried in a Circuit Court without a jury, under Rev. St. §§ 649, 700 [U. S. Comp. St. 1901, pp. 525, 570], where there were no special findings, nor a stipulation of facts, a request for a holding, as matter of law, that plaintiffs were entitled to recover the amount claimed, requires a weighing of the evidence and a determination of facts, and the ruling thereon is not reviewable by an appellate court.

5. SAME—RULINGS ON EVIDENCE.

On a trial to the court without a jury, the improper admission of evidence is not of itself necessarily a ground for reversal, but the evidence improperly admitted or excluded must be of such kind and so forceful that it should work a different result from that reached by the trial court.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

This suit is brought by the plaintiffs in error to recover upon a contract between them and the defendant the sum of $125,000, claimed to be due them thereon.   The plaintiffs agreed to excavate section E of the main drainage canal in the valley of the Des Plaines river according to the terms of the contract and the specifications thereto, and to complete the work by October 1, 1896.   The plaintiffs commenced the excavation, taking off the top of the entire section to the depth of about 10 feet; the average depth contemplated being about 37 feet.   In the course of the excavations they encountered a hard material, and practically ceased the work in January, 1894; insisting that the defendant should double the contract price for glacial drift.   This application was considered by the drainage board, and was denied on August 8, 1894, and an order was passed by the board requiring the plaintiffs to resume work within 10 days; there having been practically a cessation of work by the plaintiffs during the spring and summer of 1894.   The defendant claims that the plaintiffs failed to resume work, and the drainage district thereupon en-

tered into contract in September, 1894, with the firm of Angus & Gindele, at a lower rate than that agreed to be paid by the contract with the plaintiffs. The firm of Angus & Gindele entered upon the performance of the work, but, meeting with financial failure in December, 1896, by consent of the drainage district their contract was assigned March, 1897, to Halverson, Richards & Co., who completed the work on August 31, 1899.

The plaintiffs claim that there was no abandonment by them of the contract, and assert that they are entitled to recover the reserve percentage upon the amount of the work done by them, and the difference between the amount agreed to be paid by their contract and the amount agreed to be paid by the contract with Angus & Gindele and Halverson, Richards & Co., amounting in all to $88,893.50, with interest from December 22, 1899.

The defendant pleaded the general issue, and, upon stipulation in writing, a jury was waived and the case was tried to the court. A large mass of testimony was presented at the trial, both oral and written, and there was much dispute upon the facts. This testimony comprises 169 printed pages of the bill of exceptions. At the conclusion of the evidence the plaintiffs in error submitted to the court 35 propositions of law, requesting that the court hold them to be the law of the case. Twenty-seven of these propositions were refused by the court, and an exception reserved to each ruling. The eighth proposition was as follows:

"(8) The court holds, as matter of law, that the plaintiffs are entitled to recover in this case the sum of $88,893.50."

On November 6, 1902, the court made a general finding as follows:

"Now come the parties by their attorneys, and the court, having considered and being now fully advised in the premises, finds the issues for the plaintiffs, and assesses their damages at the sum of twenty-one thousand eight hundred and forty-eight dollars."

On August 18, 1903, judgment upon that general finding was rendered, to reverse which judgment this writ of error is sued out. On February 17, 1904, there was signed and filed a bill of exceptions in the cause, which contains the evidence, certain rulings in the admission and exclusion of testimony, the 35 propositions of law referred to, and then states:

"The court finds from the evidence in this case that the plaintiffs are entitled to recover the sum of $18,998.95; the same being the amount of reserve percentage held back by the defendant at the time defendant proceeded under clause 'L,' and relet the work under plaintiffs' contract to Angus & Gindele.

"The court further finds that plaintiffs are entitled to recover interest at the rate of five per cent. per annum upon said $18,998.95 from December 22, 1899, the date of the final certificate to Halverson, Richards & Co., to the date of the entry of judgment herein.

"As to the claim of plaintiffs that they are entitled to recover $6,092.05, the same being one-half cent per cubic yard upon 1,218,410 cubic yards of glacial drift, and the sum of $63,802.50, the same being thirty cents per cubic yard upon 212,675 cubic yards of solid rock—the said $6,092.05 and $63,802.50 being the difference between plaintiffs' contract price and the contract price at which the work was relet to Angus & Gindele and Halverson, Richards & Co. —the court finds that the defendant has sustained damage to the amount of said sums of $6,092.05 and $63,802.50, the result of plaintiffs' failure to complete their contract, which the defendant is entitled to recoup and set off against the above sums so claimed by plaintiffs, and therefore the plaintiff is entitled to recover only the sum of reserve percentage, $18,998.95, with interest, as aforesaid."

The plaintiffs excepted to the last paragraph of the finding.

The sixth and seventh assignments of error challenge the supposed findings of the court contained in the bill of exceptions above quoted. The assignments of error from the eighth to the thirty-second, both inclusive, refer to the admission or exclusion of evidence offered at the trial. The remaining of the 64 assignments of error refer to the refusal to hold the propositions of law tendered.

Adams H. Goodrich, Ralph R. Bradley, and Albert M. Cross, for plaintiffs in error.

Seymour Jones, for defendant in error.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge (after stating the facts as above). The hearing of this cause upon the merits was interrupted by the court with the suggestion whether there was anything in the record which could properly be reviewed. The hearing upon the merits was thereupon suspended, and we were furnished with briefs upon the question suggested, which we now proceed to consider.

The statute of March 3, 1865, 13 Stat. 501, Rev. St. §§ 649, 700 [U. S. Comp. St. 1901, pp. 525, 570], provides as follows:

"Issues of fact in civil cases in any Circuit Court of the United States may be tried and determined by the court without the intervention of a jury, whenever the parties, or their attorneys of record, file a stipulation in writing with the clerk of the court waiving a jury. The finding of the court upon the facts, which finding may be either general or special, shall have the same effect as the verdict of a jury. The rulings of the court in the cause in the progress of the trial of the cause, when excepted to at the time, may be reviewed by the Supreme Court of the United States upon a writ of error or upon appeal, provided the rulings be duly presented by a bill of exceptions. When the finding is special, the review may also extend to the determination of the sufficiency of the facts found to support the judgment."

The prohibition to review the findings of a jury upon the facts otherwise than according to the rules of the common law is constitutional. Const. U. S. Amend. 7. That mode of review is either by a new trial allowed by the trial court, or by the granting of a new trial by an appellate tribunal for some error at law intervening at the trial.

A general finding upon a trial by the court without a jury has by the statute the same effect as the verdict of a jury. The parties are concluded upon the facts by the determination of the court, and nothing is presented for review, except as might have been reviewed, had there been a trial by jury. Insurance Company v. Folsom, 18 Wall. 237, 21 L. Ed. 827.

The statute in question has been under frequent review. Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Dirst v. Morris, 14 Wall. 484, 20 L. Ed. 722; Insurance Company v. Folsom, 18 Wall. 237, 21 L. Ed. 827; Cooper v. Omohundro, 19 Wall. 65, 69, 22 L. Ed. 47; Crews v. Brewer, 19 Wall. 70, 22 L. Ed. 63; Insurance Co. v. Sea, 21 Wall. 158, 22 L. Ed. 511; Insurance Co. v. Boon, 95 U. S. 117, 135, 24 L. Ed. 395; The Abbotsford, 98 U. S. 440, 443, 25 L. Ed. 168; Booth v. Tierman, 109 U. S. 205, 3 Sup. Ct. 122, 27 L. Ed. 907; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862; Santa Anna v. Frank, 113 U. S. 339, 5 Sup. Ct. 536, 28 L. Ed. 978; British Queen Mining Co. v. Baker Silver Mining Co., 139 U. S. 222, 11 Sup. Ct. 523, 35 L. Ed. 147; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373; St. Louis v. Western Union Telegraph Co., 148 U. S. 92, 13 Sup. Ct. 485, 37 L. Ed. 380; Davis v. Schwartz, 155 U. S. 631, 15 Sup. Ct. 237, 39 L. Ed. 289; Grayson v. Lynch, 163 U. S. 468, 472, 16 Sup. Ct. 1064, 41 L. Ed. 230; St. Louis v. Western Union Telegraph Company, 166

U. S. 388, 17 Sup. Ct. 608, 41 L. Ed. 1044; Wilson v. Merchants' L. & T. Co., 183 U. S. 121, 127, 22 Sup. Ct. 55, 46 L. Ed. 113.

The result of the rulings in these cases is that, if the finding be general, the review is limited to the rulings of the court in the progress of the trial. If the findings be special, the review may extend to the determination of the sufficiency of the facts found to support the judgment. No other or different review is permitted. The special finding of the statute is not a mere report of the evidence, but is a finding of those ultimate facts upon which the law must determine the rights of the parties. If the finding be general, only such rulings of the court in the progress of the trial can be reviewed as are presented by the bill of exceptions, but in such case a bill of exceptions cannot be used to bring up the whole testimony for review, any more than on a trial by jury. Grayson v. Lynch, supra. Nor can there be both a general and a special finding. It must be the one or the other. British Queen Mining Co. v. Baker Silver Mining Co., supra; Corliss v. County of Pulaski, 53 C. C. A. 567, 116 Fed. 289.

The judgment here was rendered on a general finding. The bill of exceptions, signed five months thereafter, and at a subsequent term of the court, presents certain supposed special findings. This procedure is unauthorized, and must be disregarded. The supposed special findings, moreover, determine no ultimate facts, and are merely explanatory of the result reached by the general finding. There being then only a general finding, and no agreed statement of facts, inquiry upon review must be limited to the sufficiency of the declaration and to the rulings during the progress of the trial. Lehnen v. Dickson, supra. In this case Mr. Justice Brewer remarks as to the conclusiveness of the general finding (page 77, 148 U. S., page 484, 13 Sup. Ct., 37 L. Ed. 373):

"But the burden of the statute is not thrown off simply because the witnesses do not contradict each other and there is no conflict in the testimony. It may be an easy thing in one case for this court, when the testimony consists simply of deeds, mortgages, or other written instruments, to make a satisfactory finding of the facts; and in another it may be difficult, when the testimony is largely in parol, and the witnesses directly contradict each other. But the rule of the statute is of universal application. It is not relaxed in one case because of the ease in determining the facts, or rigorously enforced in another because of the difficulty in such determination. The duty of finding the facts is placed upon the trial court. We have no authority to examine the testimony in any case, and from it make a finding of the ultimate facts."

We are thus precluded from a review of the evidence to reach a determination with respect to the ultimate facts upon which the judgment proceeded.

At the close of the evidence the plaintiffs, following the practice sanctioned by the state law (3 Starr & C. Ann. St. Ill. c. 110, par. 42, p. 3033), presented certain propositions to be held by the court as law in the decision of the case. It is claimed that the refusal of the court to hold as requested was in each case error reviewable by the appellate court. The practice of the state court in this respect, as regulated by the statute, cannot be operative in a trial in the federal court. Such trial, in that respect, is governed exclusively by the federal statute, since Congress has spoken to the subject. Is it then permissible on a trial before the

court without a jury that a party may, as of right, demand that the court shall rule upon specific questions of law, founded upon the evidence submitted upon the one side or the other? This question would appear to have been passed upon by the Supreme Court. Thus in Dirst v. Morris, supra, the trial court decided that the plaintiff was entitled to recover notwithstanding the possession of the premises taken by the defendant, and found the issues generally for the plaintiff. This ruling was alleged for error. But the Supreme Court said (page 490, 14 Wall., 20 L. Ed. 722), after disposing of a question upon admission of evidence:

"The particular reason why, or ground on which, the court decided that the plaintiff was entitled to recover, notwithstanding the possession taken by the defendant, and found the issues generally in the plaintiff's favor, is not specified. The court was exercising the functions of both court and jury, and whether, as matter of fact, it regarded the proof sufficient to show that Breese had been served with process in the foreclosure suit, or whether, as matter of law, it regarded that fact as not material, or what other view of the case it may have taken, does not appear, and therefore no error can be asserted in the decision. This court, sitting as a court of error, cannot pass, as it does in equity appeals, upon the weight or sufficiency of the evidence; and there was no special finding of facts. Had there been a jury, the defendant might have called upon the court for instructions, and thus raised the questions of law which he deemed material. Or, had the law which authorizes the waiver of a jury allowed the parties to require a special finding of the facts, then the legal questions could have been raised and presented here upon such findings as upon a special verdict. But as the law stands, if a jury is waived, and the court chooses to find generally for one side or the other, the losing party has no redress on error, except for the wrongful admission or rejection of evidence."

So, also, in Insurance Co. v. Folsom, supra, at the close of the testimony the court was requested, but refused, to rule upon numerous propositions of law, and such request was assigned for error; but the Supreme Court said (page 253, 18 Wall., 21 L. Ed. 827):

"Requests that the court would adopt certain conclusions of law were also presented by the defendants in the nature of prayers for instruction, as in cases where the issues of fact are tried by a jury, which were refused by the Circuit Court, and the defendants also excepted to such refusals. None of these exceptions have respect to the rulings of the court in admitting or rejecting evidence, nor to any other ruling of the Circuit Court which can properly be denominated a ruling in the progress of the trial, as every one of the refusals excepted to appertains to some request made to affect or control the final conclusion of the court as to the plaintiff's right to recover. Such requests or prayers for instructions, in the opinion of the court, are not the proper subjects of exception in cases where a jury is waived, and the issues of fact are submitted to the determination of the court."

It is thus clear that the ultimate tribunal has placed a construction upon the statute which forbids the practice which in similar cases obtains in the state courts of Illinois, and denies the right to a party in a federal tribunal to thus catechize the court.

But it is insisted that the eighth request—that the court hold, as matter of law, that the plaintiffs are entitled to recover the amount claimed —is equivalent to a request for an instruction to a jury to return a verdict for the plaintiff, and so permit a review of the evidence. The request, in our judgment, goes to the weight or preponderance of evidence, not to the question whether the evidence making for the plaintiff

is adequate, unimpeached, and without conflict. It demands a weighing of the evidence. It does not proceed upon the ground that there is a total lack of evidence to support a contrary finding. Whether they were so entitled depends upon many considerations of fact—whether they had abandoned the work; whether they were wrongfully prevented from finishing the work; whether the defendants were entitled to any or all of the six items of recoupment claimed; whether any or all of them had been waived. These are questions of fact, requiring for solution by us an examination of the evidence and a determination of the fact, which is not permissible. We have no right to enter into that field of controversy. That duty is lodged by the statute exclusively in the trial court. It is, however, claimed that, within certain rulings of the Supreme Court, this request is equivalent to a challenge to the whole evidence, and that we are at liberty to review. This contention is founded upon the cases of Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608, and St. Louis v. Western Union Telegraph Co., 148 U. S. 92, 13 Sup. Ct. 485, 37 L. Ed. 380. In the former case the record shows that at the close of the evidence the court found the issues and rendered judgment for the defendant, to which decision and ruling the plaintiff excepted. The Supreme Court ruled that the bill of exceptions must present some erroneous ruling of the court in the progress of the trial, and that the exceptions presented involved no ruling of that class, and affirmed the judgment. Thereupon Mr. Justice Miller undertook to lay down four rules with respect to a review of a trial by the court without a jury: (1) That only such rulings in the progress of the trial can be reviewed as are presented by the bill of exceptions, or as may arise upon the pleadings; (2) in such cases a bill of exceptions cannot be used to bring up the whole testimony for review, any more than in a trial by jury; (3) that, if the parties desire a review of the law involved in the case, they must either get the court to find a special verdict which raises the legal propositions, or they must present to the court their propositions of law, and require the court to rule on them; (4) that all of these must appear by the bill of exceptions. It is under the third provision that the plaintiffs here rely to have the evidence reviewed under the eighth request. It will be observed that the statement of rules by Mr. Justice Miller is obiter—not called for by the exigencies of the cause; the court having determined that the ruling excepted to was not a ruling in the progress of the trial, but was an exception to the finding of the court. This obiter statement by that learned justice has been the foundation for some rulings in the federal court which might seem to lend strength to the contention of the plaintiffs. Thus in St. Louis v. Western Union Telegraph Company, 148 U. S. 92, 13 Sup. Ct. 485, 37 L. Ed. 380, there was at the close of the trial an application for a declaration of law "that the plaintiff was entitled to judgment for the sum claimed," which instruction was refused, and exception taken. Mr. Justice Brewer observes, "And this, as was held in Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608, presents a question of law for our consideration." He ignores the ruling in Dirst v. Morris and in Insurance Company v. Folsom, referred to above, and in Cooper v. Omohundro, supra, in which latter case there was a request at the close of the evidence that the court should hold "that, upon the whole case, judgment should be

for the defendant," and with respect to which the court said (page 69, 19 Wall., 22 L. Ed. 47):

"Beyond all doubt, the only effect of the exception to the refusal of the court to grant the fifth request, if the exception is admitted to be well taken, will be to require the court here to review the finding of the Circuit Court in a case where the finding is general, and where it is unaccompanied by any authorized statement of the facts, which it is plain this court cannot do, for the reasons given in the opinion of the court in the case of Insurance Company v. Folsom, decided at the present term."

These three cases are subsequent to the case of Norris v. Jackson, and in direct antagonism to the third rule therein stated obiter. In the St. Louis Case Mr. Justice Brewer states as one reason for reviewing the ruling:

"Further, there was, as also appears in the bill of exceptions, an agreement as to certain facts, which, though not technically such an agreed statement as is the equivalent of a special finding of facts, yet enables us to approach the consideration of the declaration of law with a certainty as to the facts upon which it was based."

This consideration would seem to have induced the court to a review of the proposition of law. Mr. Justice Brewer adds that there was also some oral testimony—

"But as it appears from the opinion of the court that it made a distinct ruling upon a proposition of law not at all affected by the oral testimony, and which, in its judgment, was decisive of the case, we cannot avoid an inquiry into the matter thus determined."

If the St. Louis Case were applicable here, and may still be considered the law of the land, it certainly would seem to lend support to the contention of the plaintiffs. There is in the case at bar, however, no consensus of facts disclosed by the bill of exceptions. It is simply a stenographic report of the evidence, and of the rulings at the trial, and of the propositions of law. We cannot, therefore, as could the ultimate tribunal in the St. Louis Case, "approach the consideration of the declaration of law with a certainty as to the facts upon which it was based." And here it does not appear, as in the St. Louis Case, that "the ruling upon the propositions of law was not at all affected by the oral testimony."

The St. Louis Case was reversed, and retried without a jury, and came again to the Supreme Court. 166 U. S. 388, 17 Sup. Ct. 608, 41 L. Ed. 1044. Upon the new trial, at the close of the testimony there was a request for several rulings upon the law, one of which was that, upon the pleadings and evidence, the plaintiff was entitled to recover the sum claimed. The Supreme Court declined to review the ruling and affirmed the judgment; observing that the ruling "involved a determination of facts, and as those facts were not found for us by a special finding of the court, and as the evidence which developed the facts is not brought to our notice by exception to its competency or relevancy, no questions of law are presented for our review." It is clear to us that the decision in the St. Louis Case upon the first appeal is overruled by the decision in the latter appeal. The request presented upon each appeal was that, as matter of law, the plaintiff was entitled to the sum claimed, as is the case in the suit at bar. If the request was effective to authorize a review upon the first appeal, it should have been equally

effective upon the second. There is between the two requests not the difference of the "shadow of a shade." Both decisions cannot stand, for they are in direct conflict, and we must have regard to the later decision, especially as it brings the court in accord with most of the decisions of the ultimate tribunal speaking to the question.

It remains to consider the assignments of error with respect to the admission or rejection of evidence upon the trial. There are 25 of these assignments of error. The brief of the appellants does not seem to place great stress upon these alleged errors; but, since opportunity for argument of them was cut off by the action of the court as stated, we are disposed to restore the cause to the calendar for argument upon these assignments, if the plaintiffs so desire. It should, however, be borne in mind that, on a trial to the court without a jury, the improper admission or rejection of evidence is not of itself necessarily a ground for reversal. Craig v. Missouri, 4 Pet. 427, 7 L. Ed. 903; Field v. United States, 9 Pet. 202, 9 L. Ed. 94; United States v. King, 7 How. 853, 854, 12 L. Ed. 934; Weems v. George, 13 How. 190, 14 L. Ed. 108. The evidence improperly admitted or improperly rejected must be of such kind and so forceful that it should work a different result from that arrived at by the trial court.

If the plaintiffs shall so elect, and shall file a written election with the clerk within 10 days, the cause will be restored to the calendar for argument upon the assignments of error respecting the admission or rejection of evidence; otherwise the judgment will be affirmed.