STREETER et al. v. SANITARY DIST. OF CHICAGO.

(Circuit Court of Appeals, Seventh Circuit.   October 3, 1905.)

No. 1,067.

1. CONTRACTS—EVIDENCE—MATERIALITY.

In an action on a contract, evidence of negotiations between the parties for a modification of the contract which was not made is immaterial.

2. SAME.

In an action on a contract for the doing of certain work by plaintiff for defendant, where it was shown that defendant, acting under a provision of the contract giving it that right, employed others to complete the work, paying therefor less than the contract price for the work so done, reports made by defendant's engineer, showing the amounts saved and stating them as credits on plaintiff's contract, were immaterial as evidence and properly excluded; the question of plaintiff's right to such credits being one of law.

3. SAME.

In an action to recover for work done under a contract, in which defendant pleaded in recoupment a claim for damages for the alleged failure of plaintiff to do the work as required by the contract, evidence that the other contractors did similar work for defendant in the same way as plaintiff is immaterial.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The plaintiffs in error, plaintiffs below, claimed that the defendant owed them on a contract for work on the drainage canal a balance of $88,893.50 and interest thereon. As shown by the plaintiffs' brief, the defendant interposed six items of recoupment on account of the plaintiffs' alleged failure to complete the work according to contract, amounting substantially to $250,000. The case was tried by the court without a jury and a general finding was made in favor of the plaintiffs for $18,998.98 and interest. In this court, reliance for a reversal was rested upon the alleged errors of the trial court in refusing to adopt the plaintiffs' theories of law as applied to evidence of waiver and estoppel respecting the defendant's items of recoupment.

We interrupted the argument of the merits with the inquiry whether there were any questions raised that could properly be reviewed. The hearing upon the merits was suspended, and the questions of practice were submitted on briefs. We held (Streeter v. Sanitary District, 133 Fed. 124, 66 C. C. A. 190) that no assignments of error could be considered except those with respect to the admission or rejection of evidence upon the trial. The mandate was that the judgment be affirmed unless the plaintiffs within 10 days, should file a request to be heard upon the remaining assignments. That request having been filed, we proceed with the case.

Adams A. Goodrich, for plaintiffs in error.

Seymour Jones, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

If an action at law is tried by the court without a jury, the improper admission or rejection of evidence is not of itself necessarily a ground for reversal. The evidence improperly admitted or rejected must be of such a kind and force that it should work a different result from that arrived at by the trial court. Streeter v. Sanitary District, 133 Fed. 124, 66 C. C. A. 190.

During the progress of the work the plaintiffs sought an amendment of their contract whereby they would receive larger pay. The matter was referred by the board to a special committee, who brought in a majority report recommending that no change in the contract be made, and a minority report, signed by one member, favorable to giving the plaintiffs increased compensation. The majority report was adopted by the board and no change in the contract was made. The court refused to admit the minority report in evidence. The present action at law was based by the plaintiffs upon their contract as originally executed. It is impossible to see how the admission in evidence of the minority report of one member of the special committee could affect the result at which the court arrived.

And while the question of increased pay for the plaintiffs was under consideration, the plaintiffs wrote a letter to the board, in which they stated the reasons why they were asking the change in the contract. This letter was offered in evidence by the plaintiffs, and rejected by the court. What we have said in regard to the minority report applies as well to this letter.

After the plaintiffs had been at work for some time, the board, acting under a reservation in the contract, employed Angus & Gindele at a smaller rate of compensation to complete the plaintiffs' contract for them. Thereafter the chief engineer filed five reports with the board, in which he reported the amount of work done from time to time, the rates in the original contract, the prices at which the work had been let, and stated that the difference was a credit in favor of the plaintiffs. These reports were offered in evidence by the plaintiffs, and were rejected by the court. Inasmuch as the offered evidence only tended to show that the defendant understood the legal effect of its action in employing Angus & Gindele, there was no error in the rejection, because the duty of the defendant under the contract was a matter of law for the court to determine therefrom, and the defendant's action on the contract was in consonance with the court's interpretation.

The plaintiffs objected to the admission of testimony which went to show the amount of damages the defendant had sustained by reason of the work's not being done according to the contract. The ground of objection was that the evidence was immaterial, and the reason given for its immateriality was that the provisions of the contract in those respects had been waived by the board. It is evident that this testimony was not immaterial, if those provisions of the contract were not waived. To determine the question whether they were waived or not would require us to examine all of the evidence and apply the law, and thus take up those assignments of error which in our prior opinion in this case were found to be without any basis in law for their presentment on the record as made.

Objection was also made to an item of $10,000, offered by the defendant and admitted by the court, concerning revetment work. The ground of objection was that the original contract did not call for this revetment work. As the items of recoupment totaled $250,000, and as

the court cut down the plaintiffs' claim a little less than $70,000, it is evident that striking the $10,000 item out of the $250,000 would not affect the result at which the court arrived.

The chief engineer of the defendant was asked by the plaintiffs whether contractors on other sections of the drainage canal had been doing their work in the very way which the defendant was claiming was in violation of the plaintiffs' contract. The court refused to permit the witness to answer. In this there was no error, as the offered evidence was utterly irrelevant.

The judgment is affirmed.