FRANKLIN COUNTY v. FURRY.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1906.)

No. 1,170.

1. WRIT OF ERROR—MATTERS REVIEWABLE—TRIAL TO COURT.

On the trial of an action at law in a Circuit Court without a jury, the court cannot be required to pass on propositions of law presented by counsel, and assignments of error based on its ruling thereon present no questions for review by an appellate court.

2. SAME—QUESTIONS OF FACT—BILL OF EXCEPTIONS.

A bill of exceptions, which contains no certificate of the trial judge that it contains all of' the evidence bearing on the questions sought to be reviewed, is insufficient to authorize a review of questions of fact.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 2916, 2917.]

3. EXCEPTIONS, BILL OF—AMENDMENT.

Any fault or omission in framing or tendering a bill of exceptions, being the fault of the party and not of the court, cannot be cured by amendment at a subsequent term.

[Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Exceptions, Bill of, § 110.]

In Error to the Circuit Court of the United States for the Southern District of Illinois.

W. S. Cantrell and C. H. Layman, for plaintiff in error.

I. C. Pinkney and William Jack, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

PER CURIAM. The action was tried by the court without a jury. The errors assigned are of two kinds.

Certain assignments are based on the court's rulings respecting "propositions of law" drawn by counsel and handed to the court as if a jury were to be instructed. These assignments present no question for review. Streeter v. Sanitary District, 133 Fed. 124, 66 C. C. A. 190, and cases there cited.

The remaining assignments are dependent upon matters of fact, and their consideration requires the presence in the record of a proper bill of exceptions. The judgment was entered at the June term, 1904. Within the proper time plaintiff in error prepared a document which it styled a bill of exceptions, submitted it to the trial judge for signature, and, after signature, filed it in open court. But this document is wholly ineffectual as a bill of exceptions, because the trial judge does not certify therein that it contains all the evidence given at the trial that bears upon the questions sought to be reviewed. The writ of error was entered, and the transcript of the record filed, in this court on March 15, 1905. After it appeared, on the argument of the case, that no questions were properly saved in the record, plaintiff in error went into the trial court on October 31, 1905, and procured an "amendment to the bill of exceptions" to be signed and filed. This amendment (brought here and filed) contains further evidence and the following stipulation:

"And it is stipulated between the parties hereto that the foregoing amended bill of exceptions, together with the original bill of exceptions filed herein, contains all the evidence offered in said cause upon the trial in the court below, the plaintiff Emma P. Furry not hereby waiving her objection to the power of the court to grant leave to the said county of Franklin to amend its said bill of exceptions heretofore filed, and excepts to the ruling and order of the court in granting such leave."

The general rule is that a bill of exceptions must be filed during the term at which judgment is entered or within an extension of time granted during the term. If the party who prepares and tenders the bill is not at fault, delay that is occasioned by his adversary or by the act of the judge may be excused. Western Dredging Co. v. Heldmaier, 116 Fed. 179, 53 C. C. A. 625, and cases therein reviewed. But the fault here was that plaintiff in error failed to present to the trial judge for allowance and signature a proper bill of exceptions until long after the expiration of the term and the filing of the record in this court. "The duty of seasonably drawing up and tendering a bill of exceptions * * * belongs to the excepting party and not to the court. * * * Any fault or omission in framing or tendering a bill of exceptions, being the act of the party and not of the court, cannot be amended at a subsequent term, as a misprision of the clerk in recording inaccurately or in omitting to record an order of the court might be." Michigan Ins. Bank v. Eldred, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162. It is needless to consider the effect of consent by the adverse party, for consent was not given.

The writ of error is dismissed.