### SKINNER v. FRANKLIN COUNTY.

(Circuit Court, E. D. Illinois. June 28, 1910.)

**1. CONSTITUTIONAL LAW (§ 43*)—PERSON ENTITLED TO RAISE QUESTION—ESTOPPEL.**

Where, in proceedings on bonds issued by a county in aid of a railroad, the county invoked the jurisdiction prima facie conferred by a statute, by which unknown bondholders were made parties, and service thereon had by notice by publication, it was not in a position to argue that the court had no jurisdiction, because the statute was unconstitutional.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 41; Dec. Dig. § 43.*]

**2. DAMAGES (§ 68*)—INTEREST.**

Where bonds and coupons issued in aid of an improvement contracted for interest at the rate of 8 per cent., conditional "on the presentation and surrender at the place in the city of New York, where the treasurer of the state of Illinois pays the interest and debt of said state, of the coupons hereto attached as they severally become due," and they were not so presented, the rate of 8 per cent., which was not usurious when the contract was issued, did not apply, and the holder was entitled only to interest incidental as damages in the case, and not by virtue of the contract, so that the rate would be 5 instead of 8 per cent.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 141–143; Dec. Dig. § 68.*]

Action by Elizabeth Skinner against the County of Franklin. Judgment for plaintiff.

William Jack and I. C. Pinkney, for plaintiff.
Joplin & Spiller and Walter C. Lindley, for defendant.

WRIGHT, District Judge (orally). This suit is brought upon 25 bonds issued by the defendant in aid of the Belleville & Eldorado Railroad under an act of the General Assembly of the state of Illinois of 1861 (Priv. Laws 1861, p. 485). It is not my purpose to enter into an elaborate discussion of the questions argued in this case, or to give a neat opinion upon any of the questions involved, but merely to indicate in a general way the reasons of the court for its conclusions.

In the argument of the case at bar counsel for the plaintiff conceded that 10 of the bonds in suit were out of the case, and that there could be no recovery upon them, for the reason, as I understood the counsel, that the evidence shows that the 10 bonds so eliminated were owned and in the possession of the plaintiff at the time of the decree or adjudication in the case of Franklin County v. Unknown Bondholders, hereafter to be more specifically referred to, and at such time she, the plaintiff, was a nonresident of the state of Illinois, and for that reason, in the opinion of the counsel, the court in the case referred to obtained no jurisdiction of her, or of the bonds that she at that time owned. At the time of the decree in the case of Franklin County v. Unknown Bondholders, decided by the Circuit Court of the United States for the Southern District of Illinois, the remaining 15 bonds involved in this suit were owned and possessed by Andrew Pinckney, then a resident and a citizen of Peoria, Ill. He made no personal appearance, either in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the state court, while the suit was pending there, or in the federal court after its removal. It was said in the argument by counsel for the plaintiff, as I understood them, that but for the decree of the United States Circuit Court in the case of the County of Franklin v. Unknown Bondholders there could be no recovery upon the 15 bonds remaining in this suit. And it is contended that by that decree an estoppel was created against the county of Franklin, by force of res judicata, from denying the validity of the bonds in question. And the case of the County of Franklin v. German Savings Bank, 142 U. S. 93, 12 Sup. Ct. 147, 35 Ed. 948, is referred to as sustaining this position. If the decision in that case is applicable to the bonds now in suit, there is no question that the defendant is estopped from further litigating these bonds.

It is contended by the defendant, however, that case can have no application in this case, for the reason, as argued by counsel, that the court had no jurisdiction of Pinckney, nor of the bonds then owned by him, and now involved in this suit; that the statute of Illinois by which unknown bondholders were made parties, and service thereon had by notice by publication is invalid as in contravention of the Constitution, in that it deprived Pinckney of his property without due process of law. Without attempting to reproduce the argument by which this proposition is sought to be maintained, or that by which it is claimed to be refuted, I merely pass it with the observation that defendant invoked the jurisdiction prima facie conferred by the statute, and, having obtained a different result than expected, is in no position to question its own voluntary action or proceeding instituted by it, where, had Pinckney appeared in fact, and by proper amendment been made party by name, there would now be no ground upon which to rest the argument now insisted upon by the defendant.

Pinckney, after this decree, gave the bonds to the plaintiff, who is his daughter, in part distribution of his estate. Whether the fact that no diversity of citizenship existed between the defendant here and Pinckney at the time of the decree by which it is claimed the bonds were validated is a question to be here considered has not been raised or argued, and I express no opinion upon it. The Circuit Court of the United States for the Southern District of Illinois gave its decision, Judge Humphrey presiding, that the defendant was estopped, in the case of Furry v. Franklin County, by force of res judicata of the decree alluded to in the case of Franklin County v. Unknown Bondholders. A writ of error was prosecuted on that judgment to the Circuit Court of Appeals, but was there dismissed, without a decision upon the merits. See 144 Fed. 663, 75 C. C. A. 465.

The defendant in this case has interposed a plea to the effect that the plaintiff is estopped by reason of its having been defeated in an action prosecuted by her in the United States Circuit Court for the Southern District of Illinois in the year 1887 for a recovery upon the coupons attached to these same bonds. Upon an inspection of that record it appears that the former adjudication in the case of Franklin County v. Unknown Bondholders was not passed upon or determined by the court, and for that reason I am inclined to hold that the result of that suit is not a bar to this. So, upon the whole case, without entering upon further or more elaborate discussion of the questions in-

volved, I am inclined to follow the decision of Judge Humphrey, who had the same facts before him as proved in this case; and, being of that opinion, it follows that the plaintiff is entitled to recover in this suit upon the 15 bonds remaining after eliminating the 10 bonds conceded by the plaintiff to be out of the case.

It was also conceded by counsel for plaintiff that the statute of limitations, having been pleaded in the case, was and is a bar to all of the interest coupons attached to the bonds except the last one. Plaintiff insists that she is entitled to recover upon these 15 bonds of $1,000 each, and the last coupons thereon of $30 each, with interest at the rate of 8 per cent. per annum. Under the statute of Illinois, as I understand it, it was lawful at the time these bonds were issued to contract for 8 per cent. interest. Hence such contract was not then usurious. But, upon an examination of the bonds and coupons the contract rate of 8 per cent. was a conditional one, namely:

"On the presentation and surrender, at the place in the city of New York where the Treasurer of the state of Illinois pays the interest and debt of said state, of the coupons hereto attached as they severally become due."

Therefore I am of the opinion that the contract rate of 8 per cent. has no application to these bonds, or to the coupons thereto attached, after maturity. Being of that opinion, the plaintiff would be entitled only to interest incidentally as damages in the case, and not by virtue of any contract. Hence the rate of interest would be 5 per cent. instead of 8 per cent.

Judgment may therefore be entered in this case for the amount of the 15 bonds, and the last coupons of $30 each thereto attached, with 5 per cent. interest from the dates of their respective maturity.