ALEXANDER H. WEEMS, PLAINTIFF IN ERROR, *v.* ANN GEORGE, CONELLY GEORGE, ROSE ANN GEORGE, WIFE OF JOHN STEEN, MARY ANN GEORGE, WIFE OF THOMAS CONN, NANCY GEORGE, WIFE OF JAMES GILMOUR, MARGARET GEORGE, WIFE OF WILLIAM MILLER, JOHN STEEN, THOMAS CONN, JAMES GILMOUR, AND WILLIAM MILLER.

Where there was a sale of an undivided moiety of a tract of land, and the purchaser undertook to extinguish certain liens upon it, which he failed to do; and in consequence of such failure the liens were enforced, and had to be paid by the heirs of the origina owner, a suit by these heirs against the purchaser to recover damages for the non-fulfilment of his contract to extinguish the liens, was not within the prohibition of the 11th section of the Judiciary Act, 1 Stat. at Large, 78. The heirs, being aliens, had a right to sue in the Circuit Court.

In a trial in Louisiana, where the judge tried the whole case without the intervention of a jury, a bill of exceptions to the admission of testimony by the judge, cannot be sustained in this court.

The extinguishment of the liens by the heirs of the original owner, was effected by process of law and attended with costs. It was proper that these costs also, as well as

the amount of the liens, should be recovered by the heirs from the defaulting party who had failed to fulfil his contract. The article, 1929 of the code of Louisiana, does not include this case, but it is included within article 1924.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the Eastern District of Louisiana.

The plaintiff in error, and Alexander George, being joint owners of certain real property, made a partition of it between them on the 14th of January, 1847, by a written act of partition, and the plaintiff in error undertook, and promised to pay, certain promissory notes, made by Alexander George in favor of John McClain Durand, and which were secured by mortgage on the property described in the act of partition, among which were two notes, one for the sum of $1,305.38, payable on the 1st of January, 1848, with interest at six per cent. per annum from maturity; and one for the sum of $1,250.22, payable on the 1st of January, 1849, with interest at six per cent. per annum from maturity. When the note for $1,305.38 fell due the plaintiff in error paid $600 on account upon it, leaving the remainder unpaid; and, when the other note fell due, he failed to pay it, also. After default was made in the payment of the last note, the holder of the two notes instituted suit against the defendants in error, the heirs and legal representatives of Alexander George, who was then dead, and recovered the amount due on them, viz.: $1,955.60, and costs of protest, with interest at six per cent. per annum on $705.38, from 4th January, 1848, and on the remainder from 4th January, 1849, by judgment, and issued an execution or *fi. fa.*, under which certain slaves were seized, in the parish of St. Tammany, and brought over to the city of New Orleans, where they were sold on the 13th of June, 1849, and the sum of $2,435.88, out of the proceeds of the sale, were applied to the payment of the debt and of the costs made.

On the 1st of December, 1849, Ann George, &c., the defendants in error, filed their petition against Weems in the Circuit Court of the United States for the Eastern District of Louisiana, claiming to be reimbursed this sum of $2,435.88, with interest and costs. (Another claim was made for the value of a negro slave who died, but as a *remittitur* was entered before final judgment, it is not necessary to notice this further.)

The defendant put in two pleas to the jurisdiction: 1st, that the plaintiffs were not aliens, and 2d, that they derived their right from George; and as he and Weems were both citizens of Louisiana, the plaintiffs were prohibited, by the 11th section of the Judiciary Act, from bringing suit in the United States court. These pleas were overruled.

After sundry other proceedings, the defendant filed the following answer.

Now comes the defendant in the above entitled suit, and denies all and singular the allegations in the plaintiffs' petition contained; he denies specially that the plaintiffs are the heirs of said Alexander George, or that they have, or ever had any interest in the succession of said Alexander George. He denies that plaintiffs ever authorized the institution of this suit, and avers that they have no interest in the pretended causes of action set forth in said petition. He avers, also, that he is in no manner liable to plaintiffs herein. Your respondent further says, that if at any time he has refused or failed to pay any of the notes mentioned in said petition, it was because one Rickerman had brought suit against the succession of said Alexander George, claiming a lien and privilege upon said island for work, labor, &c., in constructing a levee thereon, which lien and privilege neither said Durand nor the curator of said succession would discharge, and your respondent is in no way liable for the consequences of such refusal. Wherefore defendant prays to be hence dismissed with his costs, and for general relief &c. Chas. M. Emerson,

J. S. Whittaker,

*Defendant's attorneys.*

On the 4th of April, 1850, the cause came on for trial before the judge, without a jury, when the following final judgment was given, viz.

This cause this day came on to be heard; Halsey and Bonford, Esqs., appearing for the plaintiffs, and Emerson, Esq., for defendant. When, after argument of counsel, the court being satisfied that the law and the evidence are in favor of the plaintiffs, Ann George et al., doth order, adjudge, and decree, that the said plaintiffs do have and recover judgment against the defendant, Alexander W. Weems, for the sum of two thousand four hundred and thirty-five dollars and eighty-eight cents, with interest on nineteen hundred and fifty-five dollars and sixty cents of said sum, from 13th June, 1849, at the rate of six per centum per annum, until paid, and costs of suit to be taxed.

Judgment rendered 4th April, 1850.

Judgment signed 22d April, 1850.

Theodore H. McCaleb, [seal.]

*United States Judge.*

In the course of the trial, the following bill of exceptions was taken.

Be it remembered, that on the trial of this cause, the plaintiffs offered in evidence a certificate marked D, of one N. B. Harmer, clerk of the eighth Judicial District Court for the parish of St. Tammany, for the purpose of proving that certain claims against the succession of Alexander George were satisfied and

paid by the heirs of said George. To the introduction of this document the defendant objected, on the ground that it was not competent nor within the official duties and acts of the clerk to certify to the existence of facts from the inspection of, and from documents and papers on file in the suit; and that the facts and the papers showing them should have been copied, and the certificate given as to the verity of the copy. The court overruled the objection and admitted the evidence.

Be it remembered, also, that on the trial of said cause the plaintiffs offered one J. M. Durand as a witness to prove that he had brought suit against the defendant in this suit, the said Alexander W. Weems, to recover the amount of the notes set forth in this suit, and that said Weems had taken a suspensive appeal from an order of seizure and sale, to the Supreme Court of the State of Louisiana. The defendant objected to these facts being stated by the witness, on the ground that it was not competent to prove the contents, or any part of the contents, of written documents, or of judicial records by parol, without first proving the destruction of the said documents or records. But the court overruled the objection and permitted the witness to testify to the facts above mentioned.

THEODORE H. McCALEB,
*United States Judge.*

The defendants brought the case up to this court by writ of error.

It was argued by *Mr. Miles Taylor,* for the plaintiff in error, and *Mr. Lawrence,* for the defendants in error.

*Mr. Taylor,* for the plaintiff in error.

Upon the trial of the cause, the defendants in error, in the court below, offered in evidence a certificate of the clerk of the eighth Judicial District Court for the parish of St. Tammany, for the purpose of proving that certain claims against the succession of Alexander George were satisfied and paid by the the heirs of the said George. To the introduction of this certificate the plaintiff in error objected, on the ground that it was not competent for, nor within the official duties or power of the clerk, to certify to the existence of facts from the inspection of documents and papers on file in a suit, and that such facts, if they existed, could only be shown by duly certified copies of the documents and papers on file, showing such facts; and the objection was overruled by the court, and the certificate admitted. And the defendants in error further offered one J. M. Durand as a witness to prove that he had brought suit against the plaintiff in error, to recover the amount of the notes sued on

in this case, and that he, the plaintiff in error, had taken a suspensive appeal therein to the Supreme Court of Louisiana. To the introduction of this testimony the plaintiff in error objected, on the ground that one could not be permitted to prove the contents, or any part of the contents, of judicial records by parol, without first proving the destruction of the said records; and the objection was overruled, and the testimony admitted. To the decisions of the court overruling these objections, and admitting the certificate of the clerk, and the testimony of the witness Durand, the plaintiff excepted; and his bill of exceptions was duly allowed and signed by the court, as will be seen at p. 8 of the transcript.

And this ruling of the court was erroneous. and an error apparent on the face of the record.

As to the certificate of the clerk:

1st. If it relates to facts shown by papers or documents on file in his office, he cannot certify the substance of such papers; he must give a transcript of them. Smoot *v.* Russell, 1 Mart. La. Rep. N. s. 522; 1 Phill. Evi. 317.

2d. If it related to facts within his knowledge, it was inadmissible; because the statement was not made under oath, &c. Ellicott *v.* Pearl, 10 Pet. 412.

As to the testimony of the witness Durand .

1st. It was not the best evidence the nature of the case admitted of.

2d. Judicial records can only be proved by copies duly certified to be true copies from the originals. 1 Phillips, Evidence, 383; Hagan *v.* Lucas, 10 Pet. 400.

*Mr. Lawrence*, for defendants in error.

The plaintiff in error pleaded to the jurisdiction, (p. 3,) on the ground that the petitioners are not-aliens, as alleged; and, especially, that the said Alexander George was, in his lifetime, and at the date of the notes, &c. a citizen of Louisiana; and that Durand and wife (the vendors to George) were also citizens of Louisiana.

The first bill of exceptions states, that the plaintiffs below offered in evidence a certificate of the clerk of the parish court, for the purpose of proving that certain claims against the succession of Alexander George were paid by the heirs of said George, which was objected to on the ground that the clerk was not authorized to certify as to facts from inspection of records.

The second bill of exceptions states, that the plaintiffs below offered Durand as a witness, to prove that he had brought suit against Weems on the notes set forth in the petition. The defendant objected, on the ground that it was not competent to prove the contents of judicial records by parol, without first proving their loss or destruction.

1st. The plea to the jurisdiction.

The plaintiffs below were aliens. The action was not brought upon the promissory notes, but upon the agreement in the act of partition. They were not assignees of a chose in action, in the sense of the 11th section of the Judiciary Act. The plaintiffs below were the heirs of George, and not his assignees. Chappedelaine *v.* Dechenaux, 4 Cranch, 306.; Sere et al. *v.* Pitot, 6 Cranch, 332.

2d. As to the 1st bill of exceptions. The evidence offered is not shown to be material. The object of it was to prove that the plaintiffs below had paid claims against the estate of Alexander George, in order to show that they had taken possession of the succession of Alexander George, and were discharging their duties in that capacity.

3d. As to the 2d bill of exceptions. The evidence of Durand was offered, not for the purpose of proving the contents of a judicial record, but simply to establish the fact that a suit was brought; that fact being only used as proof of a demand from Weems before the commencement of an action against the defendants in error. A demand by suit was not necessary.

4th. The objection, that the judgment for principal, interest, costs of protest on the notes, and for the further sum of $389.08, was erroneous, is not well taken; and the art. 1929 of the Civil Code, which is cited, is not applicable. The previous articles, from 1924, are applicable to this case. See, also, The United States *v.* King, 7 How. 854; Field *v.* The United States, 9 Pet. 202.

Mr. Justice GRIER delivered the opinion of the court.

The defendants in error brought this suit in the Circuit Court of the United States for the Eastern District of Louisiana, against Weems, the plaintiff in error, by petition, according to the practice in the courts of that State. They aver, in their petition, that they are aliens, and subjects of the Queen of Great Britain, with the exception of two, who were citizens of the State of Illinois; and that they are the heirs of Alexander George, deceased. That said George, in his lifetime, was owner of a certain island, the undivided moiety of which he had sold to Weems. That, in the act of partition between them, Weems agreed to pay two certain notes, given by George for the purchase-money, and which were secured by mortgage on the land, — one for $1,305.82, payable on the 1st of January, 1848, and the other for $1,250.22, on 1st of January, 1849. That Weems paid the sum of $600 on the notes, but neglected or refused to pay the balance. That Alexander George having died, and the defendants in error having been admitted to the succession as

his heirs, an execution was issued on the mortgage for the balance of the notes, on which certain slaves held by them, as such heirs, were seized and sold; and the sum of $2,435.88 raised in satisfaction of the balance of said notes, with interest and costs of suit.

The defendant below filed two pleas to the jurisdiction : 1st, That the plaintiffs were not aliens, as set forth in their bill ; and, secondly, that the claim of the plaintiffs is under Alexander George, who was a citizen of Louisiana.

These pleas were overruled, — the first, it is to be presumed, because it was not true in fact; and the second, because it was not good in law. For the plaintiffs' petition does not set forth a claim as assignees of the negotiable paper or notes mentioned therein, but for damage and loss incurred by them, from the neglect and refusal of Weems to pay certain liens which he had contracted to pay in the act of partition between himself and George.

As the argument submitted by the counsel for plaintiff in error does not insist that there was error in overruling these pleas to the jurisdiction, they need not be further noticed.

The case was afterwards heard on the merits before the court, without the intervention of a jury ; and a paper, called a bill of exceptions to the admission of certain testimony, is found on the record, on which the plaintiff in error seems mainly to rely for the reversal of judgment. It might be thought, perhaps, hypercritical to object to the form of this paper, as it comes from a State where common-law forms are little known in practice ; but it may be remarked, that this document certifies only that certain testimony was offered and received by the court after objection by the defendant's counsel, and does not state that any exception was taken to such ruling of the court, or that the judge who signed it was asked to seal, or did seal a bill of exceptions. But, waiving this objection, the first exception is to receiving in evidence a certain paper, marked D. That paper is not copied in, or annexed to, the bill. It is said to be a certificate from the clerk of the eighth Judicial District for the parish of St. Tammany, offered to prove that certain claims against the succession of Alexander George were paid by his heirs. The objection to it was undoubtedly a good and valid objection, if the contents of the paper were what the objection assumes them to be. But as the paper itself is not set forth in the bill, this court cannot know whether the objection was overruled because the paper was not what it was assumed to be, or because the objection was not well taken, if it was.

The second exception was to the admission of parol testimony, that a suit had been brought against the defendant,

Weems. The objection, that the contents of a record cannot be proved by parol, is certainly a good and legal one, if such were the offer or such the evidence given by the witness.

But the bill does not state any of the preceding evidence in the case, nor the purpose or bearing of the testimony offered. It may have been merely offered to show demand of the payment of a note; a fact *in pais*, which may be proved in parol, like any other mode of demand, notwithstanding it was made by presenting a writ.

But there remains an objection to these bills of exception which is conclusive against them, even if they had been drawn in all proper and legal form. It has been frequently decided by this court that, notwithstanding there is no distinction between suits at law and equity in the courts of Louisiana, in those of the United States this distinction must be preserved. When the case is submitted to the judge, to find the facts without the intervention of a jury, he acts as a referee, by consent of the parties, and no bill of exceptions will lie to his reception or rejection of testimony, nor to his judgment on the law. In such cases, when a party feels aggrieved by the decision of the court, a case should be made up, stating the facts as found by the court, in the nature of a special verdict, and the judgment of the court thereon. If testimony has been received after objection, or overruled, as incompetent or irrelevant, it should be stated, so that this court may judge whether it was competent, relevant, or material, in a just decision of the case. See Craig v. Missouri, 4 Pet. 427.

In Field v. The United States, 9 Pet. 202, Marshall, C. J., in delivering the opinion of the court, says: "As the case was not tried by a jury, the exception to the admission of evidence was not properly the subject of a bill of exceptions. But if the District Court improperly admitted the evidence, the only effect would be, that this court would reject that evidence, and proceed to decide the cause as if it were not on the record. It would not, however, of itself, constitute any ground for the reversal of the judgment." And, again, in The United States v. King, 7 How. 853, 854, it is decided, that "no exception can be taken where there is no jury, and where the question of law is decided in delivering the final decision of the court." And, "when the court decides the fact without the intervention of a jury, the admission of illegal testimony, even if material, is not of itself a ground for reversing the judgment, nor is it properly the subject of a bill of exceptions."

It is alleged, also, that there is error on the face of this record, because the court allowed the whole amount levied from the property of the plaintiffs below, being the amount of the notes

17 *

and costs; because, by art. 1929 of the Code of Louisiana, "the damages due for delay in the performance of an obligation are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more." But we are of opinion that this objection is founded on a mistake of the nature of the action, which is not brought on the notes mentioned in the petition, but for damages suffered by the plaintiffs below, on account of the non-performance by the defendant of his stipulations contained in his act of partition. This case, therefore, comes within the art. 1924 of the code, which says: "The obligations of contracts extending to whatsoever is incident to such contracts, the party who violates them is liable, as one of the incidents of his obligations, to the payment of the damages which the other party has sustained by his default."

The judgment of the Circuit Court is affirmed with costs.

## Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Eastern District of Louisinia, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, affirmed, with costs and damages, at the rate of six per centum per annum.