JOHN N. GOTT, RELATOR v. THE JUDGE OF THE SUPERIOR COURT OF DETROIT.

*Election between counts of declaration—New trial.*

A party who has been compelled to elect between the common and special counts of his declaration, is at liberty, on a new trial, to proceed upon the other counts.

A new trial is a rehearing of the cause before another jury, but with as little prejudice to either party as if it had never been heard before.

A ruling requiring a party to elect between the counts of his declaration, and the practice thereon, would not bind the judge upon a new trial of the case if brought to trial in the same shape as before.

MANDAMUS. Submitted Jan. 20. Decided Feb. 11.

*Beakes & Cutcheon* for the writ.

*Griffin & Dickinson* against.

GRAVES, J. The present controversy is whether sufficient cause is shown against the relator's application for mandamus. A reference to the facts is necessary in order to understand the question.

September, 1878, Sophronia Brigham commenced a suit by summons against the relator in the Superior Court, and in due time filed a declaration in the case, consisting of a special count in assumpsit together with the common and money counts, and to the last was joined, according to the statute and in the usual manner, a

42 MICH.—79.

copy of a promissory note. The relator appeared and pleaded the general issue with notice of set-off, and February 14, 1879, the issue came on to be tried in said court before the Recorder, sitting as judge therein, and a jury. After the testimony on both sides had been given, and before the case went to the jury, the relator's counsel moved the court that the plaintiff, Mrs. Brigham, be required to elect whether she would seek recovery on the first count or on the common counts, and supported the motion by argument: upon which her counsel objected to being required to make an election. The court, however, overruled the objection and directed the plaintiff's counsel to decide whether he would claim under the special count or under the general counts. The plaintiff's counsel thereupon observed: "We protest against the order of the court and except to the ruling, and, without waiving our protest or exception, for the purpose of this trial we elect to proceed upon the special count." The pleadings remained unaltered, and there was no other compliance with the order of the court than as here expressed. The case was submitted to the jury upon the special count alone, and they returned a verdict for Mrs. Brigham, and the court entered judgment accordingly.

The relator then brought up the case by writ of error, and finding that the special count on which the verdict had been given contained no cause of action, we reversed the judgment and awarded a new trial. 41 Mich., 227.

This result being certified to the Superior Court, Mrs. Brigham's counsel entered a rule for discontinuance of the special count, and gave notice to relator's counsel. They at once took the position that the act of electing at the first trial by Mrs. Brigham's counsel, to submit the case to the jury on the special count, had irrevocably cut off recourse, at least in the same suit, to the general counts, and seeing that the special count was now discontinued, they assumed that the plaintiff had in law withdrawn all claim, and that relator was

consequently entitled to judgment for costs. Acting on this theory they moved the court for such judgment, which being refused this application is made to require it.

We have considered the application and think it ought not to be granted. The former proceedings in the Superior Court before the jury were matters relating wholly to the course of trial and were confined to that occasion. The plaintiff's written claims in the record were not changed, but remained the same. The plaintiff at relator's instance, but against her objection, was compelled by the court to choose between the claims as she had preferred them, and to submit her case upon the one to the exclusion of the other.

In this proceeding, by which she was brought to waive for the occasion part of her declaration, her act was not a voluntary one, and was not sufficient to bind her beyond the operation of the ruling which compelled it, and not of force to bind her on a future trial as an equitable estoppel founded on a free election of courses or remedies. It is an essential element of equitable estoppel in such a case, or rather an indispensable condition of the groundwork of it, that the party has acted freely. But if while leaving him to select which one he may, the court still compels him to choose and exclude one, he is not a free actor in a sense to estop him on other trials. Now on the trial when this ruling was made, it was the ruling and not an estoppel which bound the plaintiff and influenced the proceedings. Had the court reversed its ruling, as it was able to do, the plaintiff might have recalled her action. The pressure being taken off, she might have resumed her former position. The order of this court granting a new trial has obviated that ruling and restored the parties to their first situation, subject only to our opinion relative to the special count.

A new trial is a rehearing of the cause before another jury, but with as little prejudice to either party as if it had never been heard before. 3 Stephen's Com., 626.

There is no law for the position that the ruling at. the last trial, requiring the plaintiff to go to the jury upon part of her declaration, and her submission thereto has become a settled and controlling principle of the action.   Were the case again brought to trial in the same shape as before, the former ruling and practice would not of its own force be binding upon the judge. He would be at liberty to rule differently.

The writ must be denied with costs against relator.

The other Justices concurred.