TEXAS & PACIFIC RAILWAY COMPANY *v.* SMITH.

Opinion delivered July 12, 1909.

1.   NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Where, in an action against a railroad company for negligently killing certain stock, the only issue was as to the value of the animals, a motion for new trial on the ground of newly discovered evidence tending to prove that plaintiff was guilty of contributory negligence sets up matter not relevant to any issue in the original case, and presents no ground for new trial. (Page 366.)

2. EQUITY—RELIEF UPON NEWLY DISCOVERED EVIDENCE.—If a party in an
action at law, through no fault of his own, is ignorant of facts con-
stituting a defense to the action, and cannot avail himself thereof
in such action in a motion for new trial upon the ground of newly dis-
covered evidence, because such evidence is not relevant to the issues
in the action at law, he may obtain relief in equity, provided he has
exercise reasonable diligence to discover the evidence.   (Page 366.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge;
affirmed.

*Glass, Estes & King,* for appellant.

Where material evidence is discovered after the trial, which
is essential to a complete defense of the action, and the failure
to discover it sooner is not due to any negligence on the part of
the defendant, this is a ground for setting aside the judgment
and granting a new trial, after the term in which the judgment
was rendered has been adjourned.   Kirby's Dig. § 6220.

*E. F. Friedell,* for appellee.

The court heard the testimony of witnesses on the motion for
new trial, and the court's finding will not be disturbed.   53 Ark.
166; 60 Ark. 257.   The trial court is necessarily vested with large
discretion in the matter of motions for new trials.   39 Ark. 108;
76 Ark. 97; 85 Ark. 179.

BATTLE, J.   Daniel W. Smith brought an action against the
Texas & Pacific Railway Company, before a justice of the peace
of Miller County, to recover eighty-five dollars for damages
caused by an alleged negligent killing of two burros by defendant.
After trial and judgment in a justice's court it was taken by ap-
peal to the Miller Circuit Court, where a jury trial was had on the
29th of June, 1908, and judgment was rendered against the de-
fendant in favor of the plaintiff for twenty-five dollars and costs.
After the rendition of the judgment an order was made allowing
the defendant until the fourth day of July following within which
to file a motion for a new trial, but no motion was filed, and the
judgment became final.   The court at the June, 1908, term, ad-
journed on the fourth of July, 1908, and thereafter, on the 14th
day of the same month, the following motion for a new trial, based
upon newly discovered evidence, was filed by the defendant:

"Comes the defendant herein, in vacation, as provided by
law, and files this, its motion for a new trial of this case, with the

prayer that the verdict of the jury and the judgment of the court rendered herein be set aside, and the case be tried anew.

"In support of this motion the defendant respectfully shows that since the trial of this case and the adjournment of the June, 1908, term of this court, it has discovered new evidence bearing on the issues of this case, which evidence is material to the defense herein, and which, after reasonable diligence, it could not and did not discover and produce at the trial.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

The defendant shows that, since said trial and the adjournment of said court, it has discovered evidence to the effect that either the day before or the afternoon or evening when they were struck, the plaintiff led them upon the defendant's right of way and within the inclosure surrounding same; that he led them upon said right of way 'and within the enclosure surrounding same by pushing down the bottom wire of the fence, and lifting up the upper wire, permitting them to go upon the right of way between said wires; that at such time they were tied together with a rope, and were left within said inclosure, grazing, exposed to the danger of being struck by passing trains, with no chance to escape if upon trestle or curve.

"The defendant shows that said testimony is essentially material to its defense in that it shows that the plaintiff's own negligence and carelessness caused and contributed to such damage as he sustained, and that such negligence and carelessness, even if negligence were proved against the defendant, which was not, would preclude a recovery by the plaintiff in the case.

"The defendant shows that it could not, with reasonable diligence, have discovered and produced this testimony at the trial of this case, and says that it made a special effort prior to this trial to get at all the facts and all the merits of the claim involved in this suit. That it sent its special agent to the place where the damage was alleged to have been done, and undertook to ascertain, through said special agent, not only all the facts and circumstances connected with the injury, but also everything relating to the value of the animals; that said special agent spent some time in said vicinity, went to see every man who was reputed to have known anything of the claim, and used every diligence he could to ascertain all the facts about the matter. It says that said

special agent never heard it intimated by any one, nor did any one else connected with this defendant hear it intimated by any one, prior to the trial of this cause, that plaintiff had in any manner been responsible for the animals being upon the defendant's right of way, and that after the trial, and after judgment had been rendered and the term of this court had adjourned, a credible person of his own volition, and thinking that the matter had been concluded and terminated, apprised the defendant's agent of the testimony hereinafter set out, and stated to said agent that he himself had observed and seen defendant lead the said animals from the woods and admit them to the defendant's right of way between said wires of said fence and leave them within said enclosure tied together.

"The defendant says that it expects to have the testimony of said witness at another trial of this case, and now files this its petition for a new trial, and prays that summons may be issued as provided by law, on same, requiring the plaintiff to appear and answer on or before the first day of the next term, that the judgment rendered in this case be set aside, and that a new trial be granted herein, and for such other and further relief as the plaintiff may be entitled to.

"The defendant further shows to the court that the plaintiff in this case is irresponsible financially, and that, if permitted to execute the judgment heretofore rendered and hereinbefore complained of, the defendant will not be able, in the event a new trial is granted, to force the plaintiff to return and restore to it the money collected on such judgment; and further that, unless prevented, the plaintiff will proceed with the collection and enforcement of said judgment, and thus render of no effect and consequence a judgment setting aside the verdict of the jury hereinbefore rendered and the judgment of this court as hereinbefore rendered, if this motion be granted and the said judgment set aside; that, in order to make the judgment herein prayed for effectual, and in order to prevent great wrong and damage and injustice to the defendant, and in order to give force and effect to the judgment that may be rendered by this court on this motion, it is necessary to restrain the plaintiff from the execution of said judgment. Defendant therefore prays that, pending a final hearing of this matter, your honor direct your most gracious writ

of injunction to issue, enjoining and restraining plaintiff from proceeding with the collection of said judgment until final determination of this motion."

This motion or petition was supported by an affidavit, and on the 15th day of August, 1908, was submitted to the judge of the circuit court, who, after hearing the testimony adduced in support of it, made an order directing the clerk to issue an order restraining plaintiff from collecting the judgment recovered by him. The motion came on to be heard by the court for final decision at the November term of the circuit court following, and the defendant adduced testimony of witnesses supporting his motion, which was contradicted by the testimony of the plaintiff, and the court overruled the motion, and from the order overruling the motion the defendant appealed to this court.

The record in the case shows the following facts: "That the killing of the burros was not denied, nor was there any defense urged at the trial, except such as related to the value of the animals. That the issue as to the value was submitted under appropriate instructions of the court; no other issues being submitted, and no other fact being investigated in the case."

A new trial is defined by the statute to be "a re-examination in the same court of an issue of fact after a verdict by a jury or a decision by the court." Kirby's Digest, § 6215. It may be granted for "newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." *Ib.*, subdiv. 7. The newly discovered evidence must be material to the issue tried. *Olmstead* v. *Hill*, 2 Ark. 346; *Robins* v. *Butler*, 2 Ark. 133; *White* v. *State*, 17 Ark. 404; *Bourland* v. *Skinner*, 11 Ark. 671. Unless it was relevant to the issue, it could not be material, and was not admissible if it had been produced at the trial without an amendment of the pleadings. The newly discovered evidence in the case at bar was not relevant to any issue in the original case, and therefore not material and no ground for a new trial. But the defendant is not without remedy. He has his remedy in equity. Mr. Pomeroy, upon this subject says: "It frequently happens that a party, through no fault of his own, is ignorant of facts constituting a defense to the action. The rule in such cases is that equity will relieve if the party could not, by the

exercise of reasonable diligence, have obtained the evidence. But if there has been an ample opportunity to discover the evidence, and it is not then forthcoming, relief will be denied."

Judgment affirmed without prejudice to appellant's right to institute a suit in equity for relief.