WALTER M. FISHER & another *vs.* ORESTES T. DOE.

Suffolk.    January 10, 1912. — June 18, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Practice, Civil,* Conduct of trial, Election of counts.

At a new trial of an action of contract, after the sustaining of exceptions alleged by the defendant, where the declaration contains two counts and the plaintiff elects to go to trial on the first count and to waive the second, it is within the discretionary power of the presiding judge to deny a motion of the defendant for an amendment of the docket entries for the purpose of showing that the plaintiff at the former trial of the case waived his first count and elected to proceed on the second and to rule that, even if the plaintiff made such an election at the former trial, he shall relieve him from it and allow him to elect to proceed at the new trial on the first count alone.

MORTON, J. Two actions were brought by the plaintiffs against the defendant. The first was for materials furnished directly by the plaintiffs to the defendant, and the second was as the assignees of one Grant for labor and materials furnished by him. The declara-

tion in each case as originally drawn contained one count. Both cases were referred to the same auditor. The auditor found for the plaintiffs in the first action. In the second action he found that the assignor had furnished labor and materials for which there was a balance due from the defendant, but that the plaintiffs were not entitled to recover on their declaration as it stood, for the reason that that was on an account annexed, whereas the labor and materials were furnished by Grant, as he found, under a special contract which he had not performed. On the coming in of the auditor's report the plaintiffs amended in the second action by adding a count setting forth that the contract was completed, and that there was a balance due as found by the auditor. The cases came on for trial and were tried together. In the first action the jury returned a verdict for the plaintiffs in the sum found due by the auditor. In the second case the presiding judge, subject to the defendant's exceptions, directed a verdict for the plaintiffs on the second count. The defendant's exceptions were sustained. The case is reported in 204 Mass. 34. The second case, which is this case, came on for trial again, the first one having been settled in the meantime. At this trial the plaintiffs elected to go to trial on the first count and waived the second count. There was a verdict for the plaintiffs and the case is here on the defendant's exceptions.

The first exception was to the refusal of the presiding judge * to allow the docket entries in regard to this action to be amended so as to show that at the former trial the plaintiffs had elected to proceed on the second count, as bearing on the question whether the first count had been waived by the plaintiffs. There was also an instruction requested to the effect that the first count had been waived. The judge refused to allow the amendment and ruled that even if the plaintiffs had elected at the former trial he should relieve them from any election that he had made, and refused to instruct as requested. The whole matter was within the discretion of the presiding judge and, even if the manner in which he exercised his discretion was subject to exception, we see nothing to show that his discretion was wrongly exercised or that the instruction requested was wrongly refused. See *Holst* v. *Stewart*, 161

* *Bell*, J.

Mass. 516; *Grebenstein* v. *Stone & Webster Engineering Corp.* 205 Mass. 431; *Gott* v. *Judge of Superior Court,* 42 Mich. 625.

The remaining exception was to the refusal of the presiding judge to direct a verdict for the defendant. The ruling asked for was based on the contention that Grant built the house under contract for a specific sum and that he had not performed his contract according to its terms and was not therefore entitled to recover. The plaintiffs contended that Grant was employed by the defendant without any express contract, and in answer to a question submitted to them by the presiding judge the jury so found. Plainly the issue thus presented was one of fact, and the instruction requested was rightly refused.

*Exceptions overruled.*

*J. E. Hannigan,* (*H. T. Richardson* with him,) for the defendant.
*W. M. Noble,* for the plaintiffs.