. [No. 7681.]

## MITCHELL V. THE PEOPLE.

1. PRACTICE IN SUPREME COURT—*Recitals of Record as to Ground of Action Below*—Conviction of crime. Motion for a new trial grounded on the recent discovery that a witness named would give evidence tending to dispel the accusaation. Affidavits were filed by the district attorney impeaching the character of this witness. The court below declined to strike off these affidavits. The recital of the record of that court that the motion for a new trial was overruled "for the reason that the evidence set forth in the affidavits is cumulative," was held sufficient to controvert the suggestion that the court below was influenced by the counter affidavits.

2. NEW TRIAL—*Newly Discovered Evidence, merely cumulative,* to former evidence is not, according to the general rule, sufficient to support a motion for a new trial.

3. ——*Diligence Required*—Conviction in November of the larceny of a steer. At a trial in the preceding April the jury disagreed. Defendant's defense was that the steer bore her brand, and not that

of the prosecutor. She moved for a new trial upon affidavit that she "now recalls" meeting upon the road when driving the animal in question, a man whom she did not recognize; that she had recently discovered that this person was one Beals. Beals' affidavit as to the fact of this meeting, and that the animal bore the brand of plaintiff in error was also filed. It did not appear that the evidence for the people at the second trial differed from that of the first. There was no showing of any effort made before the conviction to discover this witness, and plaintiff in error gave no reason for her failure to recall at an earlier date, her meeting with him. The motion was held properly denied.

*Error to Garfield District Court.*—Hon. JOHN T. SHUMATE, Judge,

Mr. THOMAS A. RUCKER and Mr. JOHN L. NOONAN, for plaintiff in error.

Hon. BENJAMIN GRIFFITH, attorney general, and Mr. CHARLES O'CONNOR, assistant attorney general, for the people.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiff in error was convicted of the larceny of a steer, and sentenced to pay a fine of one thousand dollars. After the verdict, she filed a motion for a new trial, based upon newly discovered evidence, which was embodied in an affidavit of a party by the name of Beals, wherein he set out in detail what he would testify to. On behalf of the people, in opposition to the motion, affidavits were filed, the purpose of which was to impeach the credibility of Beals. Counsel for plaintiff in error moved that these affidavits be stricken from the files, which was denied, and the motion for a new trial overruled.

The two propositions urged upon our attention are, that the court erred in overruling the motion of defendant to strike from the files all counter affidavits filed by the people in opposition to the motion for a new trial; and also erred in overruling the motion of defendant for a new trial. In support of the first proposition, it is contended the record discloses that the court was influenced by the counter affidavits, and con-

sidered that Beals had been impeached, or discredited for truth and veracity. The record will not support this contention. It recites that the motion to strike the counter affidavits was overruled; but it further recites that "the motion for a new trial will be overruled for the reason that the evidence referred to and set forth in the affidavits is cumulative, and because of the length of time which has elapsed since the first trial, there having been two trials of this case since the April 1911 term, and the information having been filed on the 4th day of April, 1911."

So far as pertinent to consider in connection with the statements in the affidavit of Beals, the testimony on the part of the prosecution was to the effect that the defendant and a man in her employ were seen driving a steer, light red in color, Branded Bar P Bar, which was the brand of Charles H. and Richard Parris, from whom, it was charged in the information, the steer in question had been stolen by the defendant. It also appears from the testimony on the part of the people, that this animal had been driven several miles some days before it was taken possession of by defendant, by two parties who were gathering cattle for a party whose brand was P, but, after driving it to the vicinity of the Sherrell ranch, they concluded, on closer inspection, that it was branded Bar P Bar, and turned it out of the herd they were driving. It was in the vicinity of where this steer was left that defendant took possession of it.

The defendant testified that on the day the larceny charged was committed, she took possession of a steer near the Sherrell ranch that she was afterwards seen driving by the witness for the people, which she drove to her place and converted to her own use; but claims, according to her testimony, that it was her property, branded with her brand, I Bar X. The party who assisted her in driving the steer to her corral was a witness in her behalf. His testimony was, that the hair on the animal was long; that he could not make out the brand, but that he could notice a couple of bars. This

evidence, in a sense, corroborated the testimony of the people, as the Parris brand was thus, |P|, while the defendant's brand was thus, I|X; that is, in the Parris brand were two bars, and in the defendant's but one. It will thus be seen that one of the vital issues of fact was, whether the animal she drove to her corral and was charged with having stolen, was branded Bar P Bar, or I Bar X, and to establish which testimony as to the exact brand was introduced *pro* and *con.* The jury by the verdict returned resolved this issue of fact in favor of the people.

Beals, in his affidavit, states in substance that he met the defendant and the man assisting her, driving a steer on the date the larceny was alleged to have occurred, branded I Bar X.

As a general rule, in order to warrant granting a new trial on the ground of newly discovered evidence, it must appear, among other things, that it is not merely cumulative to the former evidence. 14 Ency. Pl. & Pr. 791; *Colo. Spgs. & I. Ry. Co. v. Foglesong,* 42 Colo. 341. The statements of Beals with respect to the brand on the animal merely tended to prove the same point to which other evidence of precisely the same character, to prove the same probative fact, had been offered and received on the part of the prosecution, as well as on behalf of the defendant at the trial, and was, therefore, cumulative. The trial judge refused a new trial for this reason. We think this ruling was correct, and should not be disturbed.

The trial court also correctly ruled that defendant had not shown diligence. It is settled by an unbroken line of decisions, that a motion for a new trial on the ground of newly discovered evidence will not be entertained unless it appears that it could not have been discovered before the trial, by the exercise of due diligence. Defendant was first tried in April, 1911. The jury disagreed. The next trial, when she was convicted, took place in November following. In her affidavit she states that she now recalls and remembers seeing, or meet-

ing, some one driving a team on the road along which she was driving the steer, but did not recognize him, or know that this party was Beals, or that she was recognized by him, as her attention at that time was attracted by Sherrell.   This showing wholly fails to satisfy the rule regarding diligence. The case had once been tried.  . The jury. having disagreed, a second trial was ordered.   The defendant had heard the testimony on the part of the people as introduced at the first trial, eight months before the second.   There is no showing that at the latter it was any different from that given at the first. According to her own statements, she made no effort whatever to ascertain the name of the party she met on the road, who now turns out to be Beals, or what fact he would testify to.   Neither does she offer any valid reason why, before the second trial, she did not remember having met this party.

The judgment of the district court is affirmed.

*Judgment affirmed.*

Chief Justice Campbell and Mr. Justice Hill, concur.

Decided October 7, A. D. 1912.   Rehearing denied December 9, A. D. 1912.