## GARDEN CITY FEEDER CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 9973.

Circuit Court of Appeals, Eighth Circuit.

Feb. 14, 1935.

A. F. Schaetzle and H. M. Havner, both of Des Moines, Iowa, for petitioner.

John MacC. Hudson, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GARDNER, SANBORN, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

This case is before us on petition to review a decision of the Board of Tax Appeals. The taxpayer, petitioner here, appealed to the Board of Tax Appeals from a determination by the Commissioner of Internal Revenue of its income for the years 1918 to 1923, inclusive; the Commissioner having found deficiencies in taxes amounting in the aggregate, with penalties, to $61,381.95. The basis of the Commissioner's alleged errors is not here important.

The cause, being at issue, was set down for hearing before Board Member Hon. Sumner L. Trussell, sitting as Division No. 6 of the Board of Tax Appeals, at St. Paul, Minn., June 11, 1929. After two days taking testimony, the hearing was adjourned on motion of respondent, to allow respondent to investigate additional unreported income disclosed at the hearing, and to answer new matter raised by an amendment to the petition. Depositions were then taken by respondent at various places, and further hearing was set for September 28, 1931, at St. Paul, Minn., before the same Board member. This hearing continued for some eighteen days, a great deal of testimony being taken, all of which was reported by the official reporter and a transcript thereof later filed with the Board of Tax Appeals.

At the conclusion of the hearing on October 16, 1931, both parties rested. The hearing was closed and the matter taken under advisement, subject to the right of the parties to submit briefs within the time specified, and the right of the Commissioner to submit a computation of the amounts of additional deficiencies claimed; the Board member stating in that connection that: "The hearing is not completed until the briefs are filed and the amount of the addition which is now suggested may be included or may be filed with the Board at any time up to the time the briefs are filed."

The Board member before whom the hearing was held died October 22, 1931, prior to the filing of the completed transcript of the hearing, and prior to the filing of briefs. Thereafter, respondent, on November 30, 1931, through his counsel, filed with the Board a motion for rehearing and for the rejection and suppression of all evidence taken, excepting such as was taken in the form of depositions. The grounds of this motion we shall later refer to. The motion was resisted, and over the objection of petitioner was granted; it being ordered that the case be restored to the calendar for rehearing in due course, all the evidence theretofore taken, except depositions, being suppressed.

When the matter was again brought on for hearing, petitioner asked that the cause be ordered submitted on the record made at the previous hearing. This request was denied and petitioner declined to submit any new evidence, insisting that it was entitled to the benefit of the evidence already taken, and objecting to the introduction of any evidence other than that theretofore taken. These objections and motions interposed on behalf of the petitioner were all overruled and denied. The respondent offered and there was received evidence in support of his affirmative allegation of additional deficiencies in tax and in support of certain allegations of fraud. Thereafter, on April 10, 1932, the Board filed its findings, based solely on the evidence produced subsequent to the sustaining of respondent's motion to grant a rehearing and suppress the evidence theretofore taken and on the depositions theretofore taken, but finding that the allegations of fraud had been sustained, and assessing deficiencies and penalties aggregating $106,770.55.

It is urged: (1) That the Board of Tax Appeals erred in ordering a complete trial de novo after full and complete hearing on all issues had been had and the case closed for taking of any further testimony on respondent's own motion; (2) that the Board erred in suppressing and rejecting the entire record made, and in failing to consider the testimony offered and introduced at the so-called first trial, and in overruling petitioner's motion to consider its testimony so taken.

Apparently, the Board of Tax Appeals considered that it was granting a new trial, as in its opinion it says, "This case has been twice tried." In this court, the question of the authority of the Board so to do has been elaborately briefed, but we are of the view that that question is not before us. Before a new trial or a rehearing can be

granted, there must have been a trial. At common law a new trial was a retrial in the same court on an issue or issues of fact after a verdict by a jury, and a new trial recognizes a complete trial which for sufficient reason has been set aside, so that the issues may be relitigated. Hine v. Myrick, 60 Minn. 518, 62 N. W. 1125; Dodge v. Bell, 37 Minn. 382, 34 N. W. 739; Gott v. Judge of Superior Court, 42 Mich. 625, 4 N. W. 529; Star Bottling Co. v. Louisiana Purchase Exposition Co., 240 Mo. 634, 144 S. W. 776; Gunn v. Union R. Co., 23 R. I. 289, 49 A. 999; Zaleski v. Clark, 45 Conn. 397; Mobile Light, etc., Co. v. Hansen, 135 Ala. 284, 33 So. 664; First Christian Church of Medford v. Robb, 69 Or. 283, 138 P. 856; Texas, etc., R. Co. v. Smith, 91 Ark. 362, 121 S. W. 282; Stern v. Wabash R. Co., 52 Misc. 12, 101 N. Y. S. 181.

It is proper to grant a new trial or a rehearing only after a trial and decision by a court or a jury or by a referee has been had. Here there had been no decision and no order, and the only thing that had occurred was the taking of testimony. The Board member announced before closing the hearing that: "I will take the position in reference to that that the hearing is not completed until the briefs are filed and the amount of the addition which is now suggested may be included or may be filed with the Board at any time up to the time the briefs are filed." But regardless of this statement, it is manifest that there was not a completed trial of the issues in this matter until a decision had been filed.

A definite characterization of the functions of the Board, if possible, is not essential to the determination of this case. It is an executive or administrative Board, exercising powers judicial in character, and is a fact-finding body with the duty of considering such competent and substantial evidence as may properly be brought before it. Sioux City Stock Yards Co. v. Commissioner of Internal Revenue (C. C. A. 8) 59 F.(2d) 944; Planters Operating Co. v. Commissioner of Internal Revenue (C. C. A. 8) 55 F.(2d) 583; Commissioner of Internal Revenue v. Liberty Bank & Trust Co. (C. C. A. 6) 59 F.(2d) 320.

Some eighteen days were occupied with the taking of testimony in this matter before a member of the Board at a cost to the petitioner, exclusive of attorney fees, of $4,500. This hearing was held pursuant to order of the Board and in due course was participated in by all the parties without objection of any kind or character, and at the close of the hearing, on the suggestion of counsel for the Commissioner, the case was closed so far as the taking of testimony was concerned. With reference to the testimony taken at that hearing, it is stipulated, among other things, that: "At said hearings both parties appeared and offered competent and material evidence, both oral and by deposition, and documentary evidence bearing upon the question of the March 1, 1913, value of patents owned by the petitioner, and used in its business." Also, that both parties offered competent and material evidence, both oral and documentary, "bearing upon the question of the correct inventories of the petitioner to be used in computing its taxable net income." Also, that, "At either the first or the adjourned hearing both parties offered competent and material evidence, both oral and documentary, bearing upon all other issues in the case."

The said hearings held at St. Paul were reported by the shorthand reporter, an employee of the Board, and a transcript made and filed in accordance with the rules of the Board on the 18th of November, 1931. It appears that at the conclusion of these hearings at St. Paul both parties rested.

We think it important to bear in mind that the Board apparently was of the view that in the state of the record, it was proper to grant a new trial or a rehearing, and that having so done it was proper to require that all the testimony be retaken. As we have already observed, the granting of respondent's motion could not be given the effect of granting a new trial or a rehearing because no decision had been entered. In other words, the case was still pending and undetermined. Undoubtedly it would have been proper, if the facts warranted, for respondent to have moved to reopen the case for the purpose of introducing further testimony. We think this misapprehension under which the Board was laboring necessitates a reversal of this case. If, however, we view the proceeding as simply a motion to suppress evidence, we do not think the record warranted the drastic proceedings taken.

Respondent's motion, unverified by oath of any one, contained a number of recitals and charges. Among these are the following: (1) That the Board member was ill, suffering from physical and mental disability; (2) that this disability made

it difficult for him to hear, and he was hesitant and indistinct in speech, and reluctant in arriving at decisions; (3) that petitioner's representative repeated baseless objections, made proffers of inadmissible evidence, made circuitous arguments, presented testimony out of order, presented ex parte statements, aimed to confuse and impose upon the Board member, protract the hearing, and befog the issues. There was no claim that any evidence offered by the respondent had been rejected. Inasmuch as the Board member hearing the testimony had rendered no decision and would render no decision, it is difficult to understand what difference it could make as to whether he grasped the purport of the testimony or not, and as the case was not tried to a jury, the mere fact that incompetent or immaterial evidence may have been introduced and admitted in evidence could not be said to be prejudicial. Field v. United States, 9 Pet. 182, 9 L. Ed. 94; Weems v. George, 13 How. 190, 14 L. Ed. 108; Richardson v. Eveland, 126 Ill. 37, 18 N. E. 308, 1 L. R. A. 203; Alksne v. United States (C. C. A. 1) 39 F.(2d) 62; Kleimann v. Gieselmann, 114 Mo. 437, 21 S. W. 796, 35 Am. St. Rep. 761; Powell v. Adams, 98 Mo. 598, 12 S. W. 295; Barrie v. United Railways Co., 138 Mo. App. 557, 119 S. W. 1020; Rupert v. Penner, 35 Neb. 587, 53 N. W. 598, 17 L. R. A. 824; Cameron v. White, 74 Wis. 425, 43 N. W. 155, 5 L. R. A. 493. In such case the presumption is always indulged that the court considered only the competent evidence.

It was frankly admitted on oral argument that all of this testimony might properly have been taken in the form of deposition, and hence it is clear that the testimony taken before the Board member and transcribed by the official reporter was as effective and satisfactory as it would have been had it been taken in the form of depositions. The parties have stipulated that the testimony so taken was both competent and material, and apparently went to the vital issues to be determined. It was taken in due course and without objection, and was taken at a very large expense to the petitioner.

26 USCA § 1219 (a) provides that proceedings before the Board shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Board may prescribe, and "in accordance with the rules of evidence applicable in courts of equity of the District of Columbia."

Section 1061 of the Code of the District of Columbia 1924 (D. C. Code 1929, T. 9, § 6) provides that in equity cases, the testimony of the witnesses may be taken in the manner provided by the rules of the Supreme Court of the United States for practice in equity. Supreme Court Equity Rule 46 (28 USCA § 723) provides in part as follows: "The court shall pass upon the admissibility of all evidence offered as in actions at law. When evidence is offered and excluded, and the party against whom the ruling is made excepts thereto at the time, the court shall take and report so much thereof, or make such a statement respecting it, as will clearly show the character of the evidence, the form in which it was offered, the objection made, the ruling, and the exception."

This new rule, it has been held, restores the practice as it existed prior to 1842. Presidio Mining Co. v. Overton (C. C. A. 9) 270 F. 388.

This court had occasion to consider the practice in Unkle v. Wills (C. C. A. 8) 281 F. 29, 34, where it is, among other things, said: "It is equally well settled that, even if objections to evidence are sustained in equity cases, it is the duty of the court to have them answered and included in the record, so that, if the appellate court finds that the chancellor erred in his rulings, the cause need not be remanded to have the requested testimony retaken."

See, also, Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521; Dowagiac Mfg. Co. v. Lochren (C. C. A. 8) 143 F. 211, 6 Ann. Cas. 573; Shine v. Fox Bros. Mfg. Co. (C. C. A. 8) 156 F. 357; Hughes v. Reed (C. C. A. 10) 46 F.(2d) 435, 442.

In the last-cited case, it is, among other things, said:

"If this case had been tried in accordance with the equity rules, it would be possible for this court to correct the error and enter a decree accordingly. But it was not so tried. The master tried the case as if it were at law, with a jury present. He sustained objections to evidence offered, and there the matter ended as to oral testimony, although all of the exhibits excluded are in the record. * * *

"In the trial of this case, the master overlooked Equity Rule No. 46 (28 USCA

808

§ 723) which governs the trial of all cases in equity. The old practice in equity was to take the proof, as a rule, by depositions. The evidence offered was thus in the record, and, if the appellate court believed evidence was material, a decree could be entered or directed and a new trial avoided, even though the trial court or the master had ruled it inadmissible. Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521; Kansas Loan & Trust Co. v. Electric Ry., Light & Power Co. (C. C. Mo.) 108 F. 702. The new equity rules changed the prevailing practice by providing that testimony should, as a rule, be taken in open court, thus saving the expense of depositions, but preserved the benefits of incorporation in the record of all evidence offered, by rule 46 (28 USCA § 723). * * *

"The rule in the trial of all equity matters, and particularly before a master, is to hear the evidence, or to make a statement thereof, subject to the two exceptions stated by Judge Sanborn in Dowagiac Mfg. Co. v. Lochren (C. C. A. 8) 143 F. 211, 214 [6 Ann. Cas. 573]."

The evidence offered was, therefore, properly received and preserved in the record. The Board of Tax Appeals had the opportunity of examining all the evidence offered, and it was its duty to decide on the competency, materiality, and relevancy of the evidence, and to decide the case on the legal and relevant evidence. Ordinarily, a court of equity can control irrelevant questions by charging up the costs where there is a reckless disregard of the rules of evidence. Dowagiac Mfg. Co. v. Lochren, supra. The mere fact, therefore, that the Board member may have admitted testimony that was irrelevant, incompetent, and immaterial, furnished no legal ground for suppressing the entire evidence.

Granting that the Board had the right to exercise a judicial function, and hence was vested with some discretion, that discretion was a judicial and not an arbitrary one. We are of the view that it was the duty of the Board to consider this competent and material evidence which had been regularly taken, and that its action in suppressing it was an abuse of its discretion.

The decision of the Board of Tax Appeals is reversed, and the cause remanded to that Board for further proceedings not inconsistent with this opinion.