No. 14,945.

McPhee *v.* The People.

(120 P. [2d] 814)

Decided December 1, 1941.   Rehearing denied December 22, 1941.

Mr. John J. Morrissey, Mr. William H. Scofield, for plaintiff in error.

Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. James S. Henderson, Assistant, for the people.

*En Banc.*

Mr. Justice Otto Bock delivered the opinion of the court.

Seth A. McPhee, plaintiff in error, to whom we hereinafter refer as defendant, was charged with, and convicted of, the crime of larceny. Counsel for defendant, in their motion for a new trial and amendment thereto, allege in part, respectively, as follows:

"That many members of the jury that tried the cause read the article published in the Denver Post on the afternoon and evening of February 28th, 1940 (reference to which is hereby made, and made a part hereof) concerning the reputation of the defendant who was on trial and who had not testified in his own behalf, and discussed said article while deliberating on the guilt or innocence of the defendant, thereby violating the instructions of the court to not read about the matter which they were trying bèfore rendering the verdict."

"That many of the jurors who tried said cause and rendered a verdict of guilty against him were guilty of misconduct in the following manner, namely; that after having been cautioned by the court not to read anything about said case or discuss said case with anyone, until the case was submitted to them, that on the same day after they were accepted as jurors, many of them read the article published in the Denver Post on February 28th, 1940, and the same article was discussed during their deliberations; that a copy of said publication is hereto attached and marked Exhibit 'A'."

In support of the charges set out in the motion, counsel for defendant submitted the affidavit of a member of the jury that returned the verdict of guilty, the pertinent part of which is as follows:

"That he was a member of the jury of twelve (12) that returned a verdict of guilty against one Seth Mc-Phee, on Thursday evening, February 29, 1940, in the

West Side Criminal Court, Denver, Colorado, Honorable George F. Dunklee, presiding; that during the deliberation of the jury, after they had retired to their jury room, a newspaper article, published in the Denver Post on February 28, 1940, and after the jury had been sworn to try the cause, and concerning the trial of Seth McPhee, the defendant, was referred to; that said article was read by some members of the jury, and its contents generally disclosed to the jury and discussed and referred to by said jury; that affiant did not read said article."

The district attorney filed a written motion asking, in effect, that said affidavit be stricken from the records, for the reason that it was immaterial, incompetent and irrelevant to the issue presented by defendant's motion for a new trial. This motion was sustained by the court. The trial was commenced February 28, 1940, the date of the publication of the article to which reference is made in the motion for a new trial, and the case was submitted to the jury late in the afternoon of the following day, resulting in a verdict of guilty. The published article upon which the motion for a new trial and supporting affidavit were grounded contained a picture of defendant, above which were the following words in large heavy type: "Oft-Convicted Man on Trial Again," and below the picture in smaller type was printed the following: "Seth A. McPhee, Who, with three convictions for grand larceny already registered against him, is on trial once more in the west side court." Defendant did not testify at the trial, and therefore evidence of his former convictions was not material to the issue of guilt or innocence. His counsel, under these circumstances, assert prejudice against his rights, and contend that by reason thereof a new trial should be granted.

It will be noted first, that the juror's affidavit does not contain any statement of fact impeaching the verdict; neither does the juror state therein that the published article influenced him in any way in return-

ing the verdict of guilty; therefore, the general rule, that a verdict cannot be impeached by a juror's affidavit, has no application here, nor does any exception to the rule apply as in *Wharton v. People,* 104 Colo. 260, 90 P. (2d) 615. The affidavit related solely to facts calculated to show the existence of outside influence upon the jurors, and nothing more. Such an affidavit was material and proper. *McLean v. People,* 66 Colo. 486, 180 Pac. 676. As we said in the McLean case (p. 496): "It is well settled that jurors may testify to any fact showing the existence of an outside influence, but they cannot give evidence as to the effect any such outside influence may have had upon their minds in arriving at a verdict. Courts never enter into such fields of conjecture. What they do is to hear the facts and determine as a matter of law the effect reasonably calculated to be produced upon the mind of the juror by such outside influences."

The trial court, in considering the motion for a new trial, should have inquired into the facts and determined therefrom, as a matter of law, what influence, if any, the published article had upon the minds of the jurors in arriving at their verdict. Its failure to do this, and its action in arbitrarily granting the motion to strike the affidavit, constituted reversible error. The guaranty of a fair trial by an impartial jury required an investigation of the alleged facts set out in the affidavit. These were not such as to warrant the presumption that the article in question influenced the minds of the jury in arriving at its verdict. Until there was a consideration and finding by the court upon the matters alleged, there could properly be no such determination, and it should have followed that course.

We have considered other questions urged, but believe them to be without merit. Concluding, as we do, that the cause should be recommitted to the trial court for further consideration, we, in large measure, follow the

procedure adopted, under similar circumstances, in *Wharton v. People, supra.*

The case is remanded with directions to set aside the judgment and sentence prematurely entered, and to proceed to a determination of the matters hereinbefore referred to in the motion for a new trial and affidavit in support thereof. If upon due hearing and consideration the finding shall be in favor of defendant, a new trial should be ordered; otherwise judgment and sentence should be reentered, without prejudice, however, to the right of defendant to have a review of the court's action denying the motion for a new trial.