PLAINTIFF in error, hereinafter referred to as defendant, was returned guilty of stealing cattle. To reverse a penitentiary sentence entered upon that verdict he prosecutes this writ and assigns errors which may be thus properly grouped: 1. Insufficiency of evidence; 2. Prejudice of jurors; 3. Denial of a motion for a new trial on the ground of newly discovered evidence; 4. Deprivation of a fair trial because of incapacity of counsel; 5. Admission in evidence of Exhibit A3.
No detailed statement of the transaction out of which this prosecution grew would be in the least helpful in understanding the assignments or our reasons for *Page 44 
holding them devoid of merit. Such recital is therefore omitted.
[1] 1. Perhaps no other record before this court has been scrutinized more carefully by all the Justices. It discloses many conflicts in the testimony and doubtless much perjury. Where truth and where falsehood lie is not for our resolution. The verdict testifies to the credence given by the jurors to that which supports it and permissible inferences deducible therefrom. We can not interfere with that verdict on this ground.
[2, 3] 2. During the trial the jurors stayed at different hotels. In one group of them, White, stated to others that defendant was "no good"; that he held, or had held, two of his short checks. Another told White that he held such a check from "the Welches." The White checks referred to were for $1.50 each. There was no discussion of them after the case was submitted. It appeared that those mentioned by White had been given several years before the trial and not by defendant. These facts were developed on the hearing of the motion for a new trial. Since the motion was overruled we must assume that this loose jury talk was considered by the court as too trivial to have deafened any juror to his oath or colored his verdict. In so holding no abuse of discretion appears. True, the jurors involved testified that this "short check" talk did not influence their verdict. Such evidence was incompetent. McLean v.People, 66 Colo. 486, 180 Pac. 676; McPhee v. People,108 Colo. 530, 120 P.2d 814. Many authorities hold it improper to admit evidence in impeachment of a verdict that extraneous considerations influenced concurrence therein, but even this rule has its well-recognized exceptions.Wharton v. People, 104 Colo. 260, 90 P.2d 615. Our attention has been called to no case in which it was held reversible error to admit statements by a juror that such considerations did not influence his verdict. Such testimony amounts to nothing more than the juror's assertion that he kept his oath and in the absence *Page 45 
thereof all presumptions are that he did so. However, a well established rule stamps this alleged error as clearly non-prejudicial. "The mere fact that [in a trial to the court without a jury] incompetent or immaterial evidence may have been introduced and admitted in evidence could not be said to be prejudicial [citing numerous authorities]. In such case the presumption is always indulged that the court considered only the competent evidence." Garden City Feeder Co. v. Commissionerof Int. Rev., 75 F.2d 804.
[4] 3. One ground of the motion for a new trial was newly discovered evidence. This alleged evidence falls into two classes, i. e., the impeachment of two witnesses, and facts appearing by the county records. One witness named was endorsed on the information, hence defendant had notice of his presumed information. One witness, whose impeachment is sought, testified only in rebuttal. The county records referred to were public and kept in the building where the trial was held. Their relevancy, if any, should have occurred to defendant and his counsel prior to the termination of the trial. None of this "newly discovered evidence" tends to negative defendant's guilt and there is no probability that any of it would change the result, hence the assignment is without merit. Christ v. People,3 Colo. 394; Miller v. People, 92 Colo. 481,22 P.2d 626; Mitchell v. People, 53 Colo. 479, 128 Pac. 61;Edwards v. People, 73 Colo. 377, 215 Pac. 855.
[5] 4. It is contended that defendant failed to have a fair trial because of the physical and mental affliction of his leading counsel. In our opinion there is neither allegation, evidence nor argument supporting this contention save as it applies to the following assignment. We so limit our consideration of it.
5. Exhibit A3 was a prior written statement made by the peoples' witness, Kohler. It was referred to by him on cross-examination and further developed and offered by the district attorney on re-examination to corroborate *Page 46 
the witness' testimony and so admitted over repeated objections. The question of the correctness of this ruling is largely responsible for the fact that this is the third opinion handed down herein. The first was by our then Chief Justice, Hon. John C. Young, affirming the judgment. Thereafter a rehearing was granted and by an opinion written by Mr. Justice Hilliard the judgment was reversed. Again a rehearing was granted and so the cause is again before us. Dissents were filed to each of said opinions.
This court has upheld the general rule that the admission of such statements for such purpose constitutes reversible error. Connor v. People, 18 Colo. 373,33 Pac. 159; 25 L.R.A. 341; 36 Am. St. Rep. 295;DePriestv. People, 64 Colo. 358, 171 Pac. 1004; Baker v. People,72 Colo. 68, 209 Pac. 791. There are, of course, certain well-recognized exceptions to this general rule. Coatesv. People, 106 Colo. 483, 106 P.2d 354. The writer here simply records his opinion, on which the concurring Justices express no view, that the present case falls within the exceptions and that, were it otherwise, the rule is devoid of logical support and the foregoing authorities upholding it should be overruled. His reasons for that view are here omitted as immaterial since we base our refusal to sustain this assignment upon a different, and in our opinion impregnable, obstacle.
[6, 7] The ruling, now so vigorously contested, was not called to the attention of the lower court by defendant's motion for a new trial. The holding in this jurisdiction is that alleged errors not so presented will not be considered here. Eachus v. People, 77 Colo. 445,236 Pac. 1009; Dockerty v. People, 96 Colo. 338,44 P.2d 1013. There are, of course, exceptions to this rule. These the grounded upon the overriding principle that in clear cases of the absence of sufficient evidence of guilt, or the gravest doubt thereof, we will go beyond the abstract and assignment and notice any reversible *Page 47 
error disclosed by the record which is probably responsible for depriving defendant of a fair and impartial trial. Reppin v. People, 95 Colo. 192, 34 P.2d 71;Paine v. People, 106 Colo. 258, 103 P.2d 686; Leechv. People, 112 Colo. 120, 146 P.2d 346. Defendant's contention is that this assignment falls in that class. Our conclusion is that, considering its general character, the slight probability of its having influenced the verdict and the ample evidence of guilt, it does not. If prejudice is not patent and the error was not raised by the motion we will not consider it.
Mr. Granby Hillyer was leading counsel in this case as he had been in a preceding mistrial of it and it is contended that defendant suffered judgment because of his incapacity. We have disposed of this point, supra, save in so far as it relates to failure to include the admission of Exhibit A3 in the motion for a new trial. It is here urged that this failure was due to Mr. Hillyer's incapacity and that oversight so arising should in the interest of justice be included among those exceptions to the rule requiring that before such an error can be taken advantage of here it must be called to the attention of the trial court by motion for new trial and opportunity be there given to correct it. If the failure here apparent could reasonably be ascribed to counsel's affliction that position would certainly merit our most careful consideration. But that it can be so ascribed we are unable to assume from the record before us and from facts of which this court should take judicial notice.
That Mr. Hillyer was suffering from a most annoying and troublesome affliction is beyond question. But that this went further than an impediment in his speech does not appear from the record. This affliction had been of long standing. It was with him during the first trial of this cause, as well as the second, and was patent to everyone when he more than once appeared in this court in other causes. It apparently had no adverse *Page 48 
effect upon the skill and ability with which he presented matters in this tribunal and every page of this record, we think, bears testimony to the fact that it did not hamper him in the instant case. He was apparently easily a match for the district attorney at every turn in the litigation and safeguarded the interests of his client with skill and adroitness. Every ground save this was carefully set forth in his motion for a new trial. Out of an abundance of precaution and apparently in order to relieve him of unnecessary vocal strain the district court appointed Mr. Horn to assist him. His services were available in the preparation for a new trial as well as at every other stage of the proceedings. Under such circumstances we are unable in this case to include his affliction among the causes which constitute excuse for failure to comply with this well known rule. Moreover, portions of the record clearly demonstrate to us the mental capacity and astuteness of Mr. Hillyer.
Finding no reversible error in the record the judgment is affirmed.
MR. CHIEF JUSTICE KNOUS, MR. JUSTICE HILLIARD and MR. JUSTICE STONE dissent.
On Petition for Rehearing.